ED. BANKS ET AL. v. HENRY HOUSE.

No. 814. Decided October 30, 1899.

**Answer—Admission of Liability—Attorney's Fees.**

A petition seeking recovery upon two notes secured by vendor's lien and providing for reasonable attorney's fees, which alleged 10 per cent to be a reasonable fee, was answered by admission of the justness of the notes and acknowledgment of judgment thereon; such answer presented no issue as to the fee or its amount and no finding of the jury with reference thereto was necessary. (P. 61.)

ERROR to the Court of Civil Appeals for the Fourth District, in an appeal from Harris County.

House brought suit against Banks and wife, and the latter appealed from a judgment for plaintiff, and on its affirmance by the Court of Civil Appeals obtained a writ of error.

*Love & McCord*, for plaintiffs in error.—The opinion of the Court of Civil Appeals shows upon its face that the improvements were not made in pursuance of the written contract sued upon, or in compliance with its terms, but that they were made in accordance with another and a different contract, which is not alleged or relied upon by the defendants in error in this cause.

The Court of Civil Appeals erred to the prejudice of the plaintiffs in error in overruling the plaintiffs in error's assignments which complain of the admission in evidence by the court below of testimony as to the reasonable value of the materials and labor furnished by the contractor, R. C. Dick, to plaintiffs in error. The general demurrer and the general denial, the one questioning the sufficiency of the facts pleaded by the plaintiff, and the other denying their existence and demanding proof thereof, will not be qualified or destroyed by a subsequent special plea asserting the fact, that, if such improvements as are described in the plaintiff's pleadings were ever made, they were not made in accordance with the contract as alleged by the plaintiff, but under another contract which he does not plead and upon which he does not seek to recover, and can not be taken as a basis for the plaintiff to make his case against the general demurrer and general denial. If such were the law, it would indeed be a dangerous thing for the defendant to make any special pleas whatever, except such as are entirely consistent with the general denial and with all other defenses set up. Rev. Stats., art. 1262; Sayles' Texas Pleadings, sec. 418; Fowler v. Davenport, 21 Texas, 627; Printing Co. v. Copeland, 64 Texas, 354; Gammage v. Alexander, 14 Texas, 414; Duncan v. Magette, 25 Texas, 245; Smith v. Sublett, 28 Texas, 163; Thatcher v. Mills, 11 Texas, 692; Hillebrant v. Booth, 7 Texas, 499; Railway v. Whitley, 77 Texas, 126; Welden v. Meat Company, 65 Texas, 487; Ayres v. Duprey, 27 Texas, 604; Koenigheim v. Miles, 67 Texas, 116; Fuller v. O'Neil, 69 Texas, 352; Sayers v. Mort-

gage Co., 78 Texas, 246; Hoodless v. Winter, 80 Texas, 641; Guess v. Lubbock, 5 Texas, 535; Mims v. Mitchell, 1 Texas, 443; Tisdale v. Mitchell, 12 Texas, 68; Willis v. Hudson, 63 Texas, 678; Altgelt v. Emilienburg, 64 Texas, 150.

The Court of Civil Appeals erred in overruling the assignments of error which complain of that portion of the charge of the trial court by which the jury were instructed to find for the defendant in error for the reasonable market value of the work done or material furnished to the appellee under the contract sued upon. Boating Assn. v. Steamship Co., 80 Texas, 375.

The uncontradicted evidence shows that the improvements which were made upon the property in controversy were not made in pursuance of the written contract, but were made in accordance with a verbal agreement, and that said improvements were constructed upon the homestead of plaintiffs in error.

The uncontradicted evidence showed that the written contract in evidence was not the real agreement between the parties to it, and that it was never executed or intended as a contract by which the improvements in controversy were to be constructed, and therefore the appellee could not recover on the written contract, and as he had no pleading to support a recovery for a quantum meruit he could not recover. If the contract in evidence was executed for the purpose of obtaining a loan, and after being so executed was delivered to one Johnson, to be by him used for that purpose, and for no other purpose, then the subsequent assignment of the same to the appellee would not pass the title, and appellee could not recover.

The verdict of the jury was contrary to and unsupported by the evidence, in that there was no evidence that the contract sued upon was ever executed for any other purpose except for being used to obtain the loan.

The Court of Civil Appeals erred in refusing to sustain as well taken appellant's assignments of error which complain of the charge of the court whereby the jury was instructed to find in favor of the appellee for attorneys' fees, and which complain of the verdict of the jury as contrary to the evidence in that the verdict found for attorneys' fees in favor of appellee, when there was no evidence as to the value of such attorneys' fees upon which to base such verdict, because the note sued on provided for reasonable attorneys' fees in case of default in payment of the note, and there was no evidence as to what amount was reasonable, and therefore said charge was unauthorized, and said contract unsupported by any evidence whatever. Green v. Hill, 4 Texas, 468; Railway v. Lee, 69 Texas, 557; Darden v. Mathews, 22 Texas, 320.

The verdict of the jury is insufficient to support the judgment entered, because the jury by their verdict found in favor of the plaintiff for attorneys' fees on the note sued on, without any finding as to the amount thereof, which fact rendered the same too uncertain to furnish a basis for a judgment.

Under the Constitution and laws of this State no lien can be fixed upon a homestead for improvements made thereon, unless the contract in accordance with which such improvements is made is reduced to writing and separately acknowledged by the wife. And the improvements for which the lien in this case is attempted to be foreclosed, were made upon the homestead of the plaintiffs in error in accordance with a verbal agreement entirely different from the terms of the written contract.

All the witnesses who testified on the subject stated that the improvements provided for in the contract were not constructed or finished, but that there were changes made and the character of the improvements was modified by subsequent verbal agreements. Paschall v. Loan Co., 47 S. W. Rep., 98.

BROWN, Associate Justice.—Ed Banks and his wife, Alice, owned and resided upon a lot in the city of Houston, upon which there were two notes outstanding, respectively for $105 and $110, the purchase money of the lot, and each note provided for 10 per cent interest from maturity and 10 per cent attorneys' fees, if collected by law. Both notes belonged to House, and were due when this suit was filed.

On the 6th day of January, 1897, a contract was entered into between Banks, joined by his wife, and R. C. Dick, by which Dick agreed to place upon the homestead lot certain improvements described in the contract, for which Banks and wife agreed to pay the sum of $700, expressly agreeing that there should be a mechanic's lien upon the property to secure that sum. The contract was acknowledged by the wife and recorded as required by law to create the lien upon the homestead.

When the contract was executed, it was agreed that it should be used to get money to pay for the improvements made upon the homestead, and that Dick should receive the reasonable value of the material furnished and the labor performed in making the improvements upon the lot, the balance of the money which might be borrowed upon the contract to be turned over to Banks. No money was borrowed upon it.

R. C. Dick transferred the contract to Henry House, the owner of the vendor's lien notes, who furnished material and money to pay for labor in making the improvements, and sued to foreclose the mechanic's lien for the sum of $700. The petition alleged the making of the two notes, that they were for the purchase money of the land, the rate of interest, and that 10 per cent was a reasonable charge for the attorneys' fees provided for in the notes.

Defendants Ed and Alice Banks filed general demurrers and pleaded as follows: "And for further answer this defendant says that he owes the two vendor's lien notes described in plaintiff's petition, and he hereby acknowledges the justness of same, together with all interest thereon, as set out in said petition, and also acknowledges that the same are a good and subsisting lien upon the property described in said petition, and further acknowledges in judgment same with all costs herein

up to and including the day that this defendant filed his original petition herein as a lien upon said property. But this defendant denies all and singular the allegations in said petition in regard to the contract set forth therein, and says that said instrument was never a valid contract between the parties thereto," etc.

The defendants denied liability upon the contract sued on to the amount expressed in the face of it, and alleged that Dick was only to receive the reasonable value of the work done and performed by him. The answer set up various defenses that are not involved in the questions presented here and therefore not necessary to be mentioned.

The case was tried before a jury, and the court charged the jury as follows: "There being no controversy between the parties as to the vendor's lien notes sued on, you will find for the plaintiff for the full amount, principal, interest, and attorneys' fees, of the said vendor's lien notes against both defendants and for foreclosure of the said vendor's lien notes against both defendants on the land described in the plaintiff's petition." The jury returned the following verdict: "We, the jury, find for the plaintiff on the mechanic's lien and materials furnished in the the sum of three hundred and fifty dollars, and for amount of the vendor's lien notes, with interest and attorneys' fees, as provided for on the face of said notes, and for foreclosure of the vendor's and mechanic's lien." The evidence justified the verdict and judgment was entered in accordance therewith, which was affirmed by the Court of Civil Appeals.

The answers of the defendants contained a general denial which was restricted to the allegations of the petition based upon the building contract, and there was no denial of any allegation concerning the notes. The admissions of liability upon the notes and the express confession of judgment upon them must be held to mean such judgment as the court could pronounce which would embrace the attorney's fees provided for in the notes and set up in the petition, because a judgment that did not include the attorney's fees would not dispose of the whole matter. No issue as to the vendor's lien notes or any right growing out of them was raised by the pleadings, and the court might have entered judgment without submitting to the jury any question connected with them. There was no error to the plaintiff's injury in submitting the question of attorney's fees to the jury nor in entering judgment therefor.

It is unnecessary for us to discuss the other questions presented in the application; they were properly disposed of by the Court of Civil Appeals. We find no error, and it is ordered that the judgments of the District Court and Court of Civil Appeals be affirmed.

*Affirmed.*