**NEAL et al. v. ELLISON et al.   (No. 1243.)**

(Court of Civil Appeals of Texas. Beaumont. May 18, 1925.)

**1. Pleading ⬤⇒397—Where defendant's answer puts new issue in case, plaintiff entitled to judgment on allegations thereof if sustained.**

Where defendant puts new issue in case upon which plaintiff would be entitled to recover if allegations of defendant's answer are sustained, then there is no variance between pleading and proof, but plaintiff is entitled to judgment on allegations of defendant's answer.

**2. Master and servant ⬤⇒80(5)—That evidence established defendant's rather than plaintiff's rate of compensation not variance warranting denial of recovery.**

In action by plaintiffs for labor performed on defendant's premises, in which plaintiff alleged compensation at rate of $7 per day, while defendant averred that it was $4.50 per day, fact that preponderance of evidence established rate of $4.50 per day did not result in a variance warranting denial of any recovery.

Appeal from District Court, Harris County; Ewing Boyd, Judge.

Action by W. M. Neal and others against O. E. Ellison and wife and others. Judgment for defendants, and plaintiffs appeal. Reversed and remanded.

W. P. Neblett, of Houston, for appellants. Mathis, Heidingsfelder, Teague & Kahn, J. V. Meek, and Ed. S. Phelps, all of Houston, for appellees.

WALKER, J. This suit was instituted by appellants against O. E. Ellison and wife to recover the sum of $658 for labor performed by them upon certain premises owned by Ellison and wife, and to foreclose a mechanic's lien thereon. Appellants also made Mrs. Zadella K. Vick, Chas. S. Patton, and Ed. S. Phelps defendants on allegations that they were claiming liens against the property superior to their mechanic's lien. Appellants alleged all of the elements of a verbal contract with appellee Ellison, the performance of the work, and a stipulated rate of compensation at the rate of $7 per day, also pleading a quantum meruit. They also alleged a due compliance with all the statutory requirements necessary to fix their lien.

Appellee Ellison answered by alleging that, in fact, he did employ appellants to work for him; that, in fact, they did work for him, but that the rate of compensation was $4.50 per day, instead of $7 per day, as alleged by appellants. He further alleged that appellants boarded with him during the time of their employment, and were to pay him $7 per week for board; that the balance due on their wages was to be applied on a debt due him by the appellants; and that appellants' wages did not amount to enough to discharge the debt he held against them. He also alleged that appellants were due him for labor performed by him on premises owned by them, and prayed for the difference that appellants were due him, and a foreclosure of his mechanic's lien against appellants' property.

In view of the disposition we are making of this case, it is not necessary to state the issues raised by the pleadings of Mrs. Vick and the other lienholders.

Upon a trial of this case, the evidence fully sustained appellants' allegations that they had a contract with appellee Ellison, under which they did said work for him upon the premises described in their petition. The trial was to the court without a jury, and upon the following conclusions of fact and law filed by the trial court, judgment was entered against appellants, and in favor of appellees.

"Amended Findings of Fact.

"The court finds, as a matter of fact, that plaintiffs failed to prove, by a preponderance of the evidence, the contract for labor to be done for the defendant Ellison to be paid for at the rate of $7 per day for himself and his minor sons, as claimed in his petition.

"The court further finds that the uncontradicted evidence shows that the plaintiff and his minor son performed labor upon the house and the dairy for the defendant to at least the extent of 79 days.

"The evidence does not disclose what was the market value of the services rendered, but it does disclose, by the defendant, that said services, so admitted by him to have been rendered by the plaintiff and his minor son, were of the value of $4.50 per day.

"The court further finds as a fact, with respect to defendants' cross-action, that the defendant Ellison has not established the allegations of his cross-action by a preponderance of the evidence.

"Plaintiff having failed to establish the contract pleaded by him by a preponderance of the evidence, there is no occasion to pass upon the

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

validity of the lien asserted by plaintiff or upon the priority of liens as between the plaintiffs and the defendants Patton and Mrs. Vick.

#### "Conclusions of Law.

"From the above facts, I conclude, as a matter of law, that plaintiffs are not entitled to recover as against any of the defendants for any amount; and the defendant Ellison is not entitled to recover from the plaintiffs by virtue of their cross-action for any amount."

#### Opinion.

[1] The trial court did not explain by his conclusions of law and fact what was meant by the finding "that plaintiffs failed to prove, by a preponderance of the evidence, the contract for labor to be done for the defendant Ellison to be paid for at the rate of $7 per day." All of the essential elements of the contract appeared without dispute. The only difference between the contention of appellants and of appellee Ellison on the terms of the contract related to the rate of compensation; that is, as to whether appellants were to have $7 per day as alleged by them, or $4.50 per day, as alleged by appellee. The other differences arising on the evidence related to the disposition to be made of appellants' wages. It must be that the trial court denied appellants any compensation on the theory that there was a variance between his allegations of wages at the rate of $7 per day and the rate of $4.50 per day, as established by the preponderance of the evidence. If this is the theory upon which the trial court denied appellants recovery, it cannot be sustained. The issue as made by the pleadings of the parties was whether the compensation was to be $7 per day or $4.50 per day. Of course, the rule, recognized everywhere, and in all jurisdictions, is that a party must recover upon the contract pleaded by him; that is, there must not be a fatal variance between the allegations of his petition and the proof offered. But where the defendant, by his answer, puts a new issue into the case, upon which plaintiff would be entitled to recover if the allegations of the defendant's answer are sustained, then there is no variance, within the meaning of the rule relied upon by appellees, but the plaintiff is entitled to judgment upon the allegations of the defendant's answer. Stewart v. Hamilton-Turner Grocery Co. (Tex. Civ. App.) 163 S. W. 1000; Banks v. House (Tex. Civ. App.) 50 S. W. 1022, affirmed by the Supreme Court, 93 Tex. 58, 53 S. W. 338.

[2] It clearly appears from the court's conclusions of fact that appellants were not denied recovery on the theory of defendant Ellison that all of appellants' wages were to be applied upon a debt due him by them. In fact, the court expressly found against all defenses urged by defendant Ellison, and under the court's findings only one issue was left as between appellants and defendant Ellison, and that was whether appellants were entitled to recover at the rate of $7 per day, or at the rate of $4.50 per day. Under the court's conclusions of fact, judgment should have been rendered in favor of appellants for 79 days at $4.50 per day, but since this was not done, and since it reasonably appears from the court's conclusions of fact that other issues in the case were not disposed of in the trial, we reverse and remand this cause for a new trial upon all the issues as between all the parties.

Reversed and remanded.