27876. MANN v. HARMON.

DECIDED MARCH 15, 1940.

*John M. Slaton, Matthews, Owens & Maddox,* for plaintiff in error.

*Leon Covington, Wright & Willingham, Dean Covington,* contra.

MacINTYRE, J. ■ A guest or gratuitous passenger is not negligent in riding with an intoxicated driver or one under the influence of intoxicating liquors, if he is unaware of such intoxication, and no facts have been noticed by him which would arouse the suspicion of one of ordinary prudence in relation thereto. "Actual ascertainable intoxication is essential, and no contributory negligence in this connection can be asserted where, at the crucial time of undertaking or continuing the status of guest, the operator of the motor vehicle is not intoxicated to the knowledge of the guest, or to such extent that the latter is to be charged with knowledge, and where at the inception of the journey and during its early progress nothing in the driver's conduct betrays his being under the influence of liquor, the guest is not deemed at fault in intrusting himself in a vehicle under such driver's control." 4 Blashfield's Cyclopedia of Automobile Law and Practice, 250, § 2453. But, if the driver of a car, from intoxication, is in a condition which renders him incapable of operating it with proper diligence and skill, and this is known or palpably apparent to one entering the car, that is a fact to be taken into consideration along with the other facts in the case in determining whether such person exercised ordinary care in entering or remaining therein. If an ordinarily prudent person would not have entered an automobile driven by a person known to be intoxicated, or whose intoxication is palpably apparent, it would be negligent for one to so enter the automobile and ride therein, and, if injury resulted from the failure of the driver to operate the car with proper care and skill because of his intoxicated condition, then the person riding therein could not recover under those conditions. 2 Reid's Branson Instructions to Juries, 894, § 482.

Despite the validity of the rule that, in general, a driver's negligence is not imputable to a guest or passenger, the conduct of a passenger who rides or continues to ride in an automobile, despite knowledge or notice that the driver is intoxicated, establishes negligence upon his part, *independent of the driver's negligence,* which bars a recovery for injuries to which the driver's negligence, while so intoxicated, may have contributed. The guest, while at Athens

(the last stop before the accident), and being aware·of the driver's intoxication and of the possibility of injury, could not weigh the risks involved in the enterprise and then conclude to accept the dangers involved upon the supposition that he might, in case of an emergency, be able to take effective steps for his own safety. 4 Blashfield's Cyc. of Automobile Law and Practice, 248, § 2453. The primary duty of caring for the safety of the vehicle and those riding in it rests upon the driver. A mere gratuitous passenger is not guilty of contributory negligence, as a matter of law, until he in some way actively participates in the negligence of the driver, or is aware of the incompetence (intoxication) or carelessness of the driver, or knowing that the driver is not taking proper precautions while approaching a place of danger, fails to warn or admonish the driver. 2 Reid's Branson Instructions to Juries, 901, § 482.

In the instant case, one of the questions for the jury was whether the plaintiff failed to use ordinary care for his own safety in continuing to ride in the car as long as he did after learning or having an opportunity to learn as much as he did of the manner in which the defendant was driving. If the defendant drove the car in an ordinarily careful manner until the time of or near the time of the accident, and the plaintiff tried to prevail upon the defendant to cease his careless and dangerous driving, and there was no way for the plaintiff to leave the car or prevent such driving, then of course it can not be said that the plaintiff was lacking in ordinary care in continuing to ride. The plaintiff can be properly found to be lacking in ·ordinary care only in case the evidence shows that during the ride from Rome to Atlanta, to Decatur, to Athens, and thence to the point where the injury occurred, the defendant so drove the car as to make it palpably apparent that he was careless or reckless or incompetent', and, by his manner of driving, was endangering the occupants of the car, and only in case the plaintiff, as an ordinarily prudent person, *ought to have refused to ride further* or ought to have brought about a change in drivers at some time before the accident. 2 Reid's Branson Instructions to Juries, 910.

Among other·things, the jury should determine whether the guest was negligent in reëntering the car at Athens, Georgia, and, if in so reëntering the car at Athens, after he knew the driver

had taken five or six drinks and had engaged in reckless and dangerously excessive speed on that part of the trip before reaching Athens, he was using such care as an ordinarily prudent person would use in the same or similar circumstances, and whether, in so reëntering the car in Athens, he thereby contributed to produce his own injury as a natural result, and that he ought reasonably to have anticipated some injury to himself as the result of continuing to ride under the circumstances; that is, whether he ought to have refused to reënter the car at Athens, or whether as an ordinarily prudent person he ought to have availed himself of this opportunity and refused to ride further.

The charge in this case was general, and covered the abstract principles of law that the plaintiff must exercise ordinary care, and if he knew that the defendant was intoxicated or was aware of his incompetency or carelessness in driving, or if in the exercise of ordinary care, taking into consideration all the circumstances in the case, he should have known such facts, the jury would be authorized to find that the guest could not recover. The judge charged the jury in part as follows: "I charge you further, gentlemen, that the duty on the part of the plaintiff, Mr. Harmon, to exercise ordinary care to avoid the consequences of the defendant's negligence, if he was negligent, does not arise until the negligence of the defendant *is existing* and is either apparent, or the circumstances are such that an ordinarily prudent person would have reason to apprehend its existence." (Italics ours.) In the latter part of his charge he said: "Of course, gentlemen, a passenger in an automobile riding with the driver of the automobile as a guest of the driver, if he acquiesces in a rash and imprudent and dangerous undertaking, he is presumed to assume the risk incident thereof, and can not afterwards complain if he is injured; but whether he acquiesced and voluntarily consented, or did what an ordinarily prudent man would or should have done under the circumstances, you as the jury will determine by your verdict." The defendant contended that because the charge was general in its nature, he requested a clearer, fairer, and more explicit instruction on a principle of law applicable to both the evidence and the pleadings. In *Central Railroad* v. *Harris*, 76 *Ga.* 501, 511, it is stated that although the charge may substantially embrace the rule of law on the issues between the parties which the evidence

makes, yet, "if the charge be not full enough or clear enough or omits something that would put one side or the other more fairly before the jury than the charge given does, then the notice of the court must be called thereto." The phrase "more fairly" is synonymous with "more impartially." If the request goes more into a special feature of the case than the general charge, it must still be impartial and fair to the plaintiff as well as to the defendant. To illustrate: it must not express or intimate the court's opinion as to what has or has not been proved; nor must the court select a certain portion of the testimony and charge on it so as to give it undue prominence or render it argumentative, etc. "Fairer" does not mean that it presents the defendant's rights in the case to such an extent that it becomes partial to him, for the charge must not go beyond the center line of the case which divides and defines the plaintiff's and the defendant's rights; nor must it trespass upon the territory which supports and shields the rights of either of them. If it did, it could no longer be said to be fair or fairer. The defendant introduced no evidence, and under the evidence introduced by the plaintiff one of the most important and material questions of law relating to the defenses of the defendant was that pertaining to the plaintiff's independent negligence. Therefore, when the plaintiff testified that he warned the defendant of his excessive and dangerous speed before they reached Athens, that thereafter he got out of the defendant's car in Athens and had an opportunity to remain out of it, but, on the contrary, after having two more drinks of liquor (the defendant having possibly three, making a total of five or six drinks within a period of about five hours), *reëntered* the defendant's car and continued the journey with the defendant and was injured in a wreck within fifteen minutes thereafter while traveling at a speed of eighty or ninety miles per hour around a slight curve, the particular rule of law applicable to the particular phase of the independent negligence (if any) of the plaintiff before he reëntered the car and left Athens was very important and material to the defendant's defense. We think that under the pleadings and the evidence in this case, after the judge had charged the doctrine of last clear chance, to wit: "I charge you further, gentlemen, that the duty on the part of the plaintiff, Mr. Harmon, to exercise ordinary care to avoid the consequences of the defendant's negligence, if he was negligent, does

not arise until the negligence of the defendant is existing and is either apparent, or the circumstances are such that an ordinarily prudent person would have reason to apprehend its existence," that when the defendant requested a more definite and clearer (therefore fairer) charge on the rule of law applicable to what would constitute independent negligence by the plaintiff on that phase of the trip between Rome and Athens, irrespective of any negligence that was existing or was apparent at the specific time after they had left Athens when the negligence of the defendant caused the wreck, the following rule relative to that phase of the case should have been given as duly requested (this issue not having been fully and clearly covered by the charge given): "I charge you that if the guest in an automobile knows or in the exercise of ordinary care should have known that his host, the driver, is incompetent or careless or driving at a reckless and dangerous rate of speed, it is his duty to notify the driver of the peril, and if, after warning the driver of such carelessness and recklessness it may devolve upon him to insist that the driver shall stop the vehicle and allow him to alight, or take some other suitable action for his own protection." In other words, we think it was a jury question whether a mere warning by the plaintiff of the fast and dangerous driving, under the circumstances which occurred between Winder and Athens, was sufficient to constitute ordinary care on plaintiff's part, or whether thereafter it devolved upon the plaintiff to alight from and not reënter the car in Athens, Georgia, or to take some other suitable action for his own protection and, upon request, the jury was entitled to a specific charge on this important phase of the defendant's case.

In view of the plaintiff's testimony that he reëntered the car in Athens after knowing of the excessive and dangerous speed at which the defendant had been driving before reaching Athens, and knowing that the defendant had been drinking, even though the plaintiff had remonstrated with the driver before reaching Athens, it was a jury question as to whether the danger of riding with the defendant under these circumstances was obvious to the plaintiff at the time he reëntered the car in Athens, and the following rule for determining the effect of the failure of the plaintiff (the passenger) to exercise ordinary care for his own safety was appropriate: "I charge you that one who knowingly and voluntarily takes a risk of injury to his person, the danger of which is so obvious

that the act of taking such risk in and of itself amounts to a failure to exercise ordinary care and diligence for his own safety, can not hold another liable for damages for injuries thus occasioned." This quoted rule should have been given when duly requested as a clarification of the rule governing that phase of the case relating to obvious risks, this issue being clearly and fully covered by the charge given.

■ The defendant requested the court to charge as follows: "I charge you that the plaintiff can not recover on any negligence not alleged in his petition as negligence, and if you find that the proximate cause of accident was the drinking of intoxicating liquors on the part of Mr. Mann [the driver] you should find for the defendant, the plaintiff not having alleged this as a ground of negligence." The petition in this case was that of a guest riding in an automobile and was based upon the negligence of the owner and driver thereof. The intoxication of the driver was not one of the specific acts of negligence charged in the petition. However, the defendant's answer specifically alleged that the act of negligence which caused the injury (the wreck) was the intoxication of the driver and that the guest knew or had notice of it. In other words, the petition and the answer are to be read together in determining whether there is a variance between the allegations and the proof. Where the defendant's answer puts a new act of negligence (defendant's act of negligence) in the case, the plaintiff is entitled to recover on the allegations thereof if sustained by proof. Neal v. Ellison (Tex. Civ. App.), 273 S. W. 931; 49 C. J. 808.

■ Headnotes 6, 7, and 8 need no elaboration. The judge erred in overruling the motion for new trial.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*