SIKES *v.* THOMAS *et al.*

(In Banc. April 13, 1942.)

[7 So. (2d) 527. No. 34777.]

648

**Reily & Parker**, of Meridian, for appellant.

**Deavours & Hilbun**, of Laurel, and **Gilbert & Cameron** and **Jacobson, Snow & Covington**, all of Meridian, for appellees.

Argued orally by **Marion W. Reily**, for appellant, and by **E. L. Snow**, for appellee.

**Roberds, J.**, delivered the opinion of the court.

Appellant, Miss Sarah Alice Sikes, contends that this case should be reversed (1) because the jury verdict for defendants was against the great weight of the evidence, and (2) because of the granting by the lower court to defendants of certain designated instructions.

The only erroneous instruction was the falsus in uno, falsus in omnibus instruction, which was condemned in Metropolitan Life Insurance Co. v. Wright, 190 Miss. 53, 199 So. 289. And while it is error to grant this instruction, we have followed the rule that it is not reversible error in a case where no jury, composed of fair, honest and reasonable men, sincerely searching for the truth, could have reached a different verdict. It is now to be determined whether this case is within that exception, and in disposing of this question we also dispose of the first contention of appellant.

Miss Sikes sued for personal injuries resulting to her from a head-on collision between a truck, or wrecker, being driven by defendant Houston, who was an employee of defendant Thomas, and an automobile then driven by

defendant Mrs. Buchanan, which collision, as alleged by plaintiff, was caused by the negligence of defendants. The accident occurred in Laurel, Jones County, Mississippi, where defendants, Houston and Thomas, reside. The action was brought in Meridian, Lauderdale County, where Mrs. Buchanan and the plaintiff reside.

There is much testimony as to the events prior to the accident, but we go at once to that scene. It happened on Thirteenth Street. That street has a brick pavement, is thirty feet and four inches wide, has a slight decline from the south to the north side thereof, runs east and west, and is straight the length of the block in which the accident occurred. Mrs. Buchanan was driving east and Houston west. They met on a slight incline, sloping to the west, and about 106 feet from the top thereof. It was between ten and eleven o'clock at night.

Houston was alone in the truck. The Buchanan party was composed of Mrs. Buchanan and her friend, Mrs. Foster, of Laurel, and nine young ladies, including Mrs. Buchanan's daughter, ranging from sixteen to twenty years of age, all of the girls being residents of Meridian and friends, and most, if not all, members of a school social fraternity known as the Rainbow Assembly, of which Mrs. Buchanan was Mother Advisor. They were arranged in and upon the automobile in this manner: Mrs. Buchanan and her daughter and Mrs. Foster were on the front seat; three girls on the back seat; three standing on the right running board, one seated on the right front fender and the plaintiff, Miss Sikes, was seated upon the left front fender with her feet on the bumper of the car. It was a five passenger automobile.

That night there had been a football game between the Meridian and Laurel high-school teams some three blocks from this scene. Laurel had won. This accident was immediately after the game. Keen rivalry existed between these teams and their supporters. The Laurel supporters were highly elated and the Meridian sym-

pathizers were downcast. There were a number of people walking adjacent to Thirteenth Street. As the Buchanan party drove along this street there was much waving, ''jibing,'' talking and shouting between the young ladies in this car and the people walking beside this street. There was undue excitement and emotion, so much so that most of the young ladies in the Buchanan party were crying and some of them said Mrs. Buchanan was also crying.

To this point there is no dispute in the testimony. The overwhelming weight of the evidence establishes these further facts: There was considerable traffic along this street, practically all going east, but when the accident happened and just prior thereto there was no automobile immediately ahead of the Buchanan car, the nearest car having disappeared over the top of the incline.

Mrs. Buchanan and Houston could see the car of the other as they approached. Mrs. Buchanan was driving from five to twenty-five miles per hour, the testimony varying that much. Houston was driving some fifteen miles per hour. A car was parked about half way down this incline on the north side of this street flush and parallel with the north curb thereof. It was necessary for Houston to pass it. When about two car lengths from the Buchanan car Houston saw that the Buchanan car was north of the center of the street and he immediately applied his brakes and stopped. The front wheels of his car were about the middle of the parked car. The left front of the Buchanan car struck the front of the Houston car about the center thereof, and Miss Sikes was seriously injured. The left wheels of the Houston car were then twenty-eight to thirty inches north of the center of the street. The left wheels of the Buchanan car were also north of the center of the street. There is testimony that all of the wheels of the Buchanan car were north and it was angling to the northeast. A careful review of this record discloses beyond question that the Houston

car had stopped and was north of the center of the street when the Buchanan car, with at least the left wheels thereof north of the center of the street, struck it. Plaintiff used as witnesses only the members of the Buchanan party, the doctor who treated Miss Sikes, and a Meridian high school student, who was some twenty-five feet, or more, southwest of the place of the accident and who did not see it, but who frankly stated that the Buchanan car was about the center of the street. Naturally, in their situation and under the excitement and emotions of the occasion the members of this party were not in position to give very accurate testimony, and could give only opinions and estimates, but, even so, five of them said the Buchanan car was in the center of the street, three said it was about, or near, the center; Mrs. Foster gave no opinion, and Mrs. Buchanan and her daughter did not give the location except to say they were in the line of traffic, but, as stated, the nearest car ahead of the Buchanan car had disappeared over the incline. It is but natural also, and some of the members of the party so testified, that Mrs. Buchanan could see forward only between or over these young ladies sitting on the front fenders of the automobile and her view of one approaching from the left front was obscured by Miss Sikes upon the left front fender.

On the other hand, defendants introduced a number of bystanders, who saw or appeared immediately after, the accident, including the county judge of Jones County, some of whom assisted in untangling the cars, who made actual measurements and observed the exact locations of these vehicles at the time. It is true that one or two of the Buchanan party gave opinions that the Houston truck was moving, but they were in front of the lights of the Houston car and not in position to be certain of the fact. Admitting, however, that it was moving, it was not that fact which contributed to the collision. The cause of the accident, and, therefore, the cause of the injury to plaintiff, was her position upon the car and

the fact the Buchanan car was on the wrong side of the street. It is not perceived in what manner or respect Houston was negligent. He had a right to travel that street; it is not contended he was running fast; he was on his side of the street; he had good lights and good brakes. The facts of this case bring it within the exception to the foregoing instruction as to defendants, Houston and Thomas.

The case is, therefore, affirmed as to them and reversed and remanded as to Mrs. Buchanan.

Affirmed in part, reversed in part and remanded.