FUGLER v. STATE.

(In Banc. April 27, 1942.)

[7 So. (2d) 873. No. 34749.]

**A. A. Cohn** and **J. W. Cassedy, Jr.**, both of Brookhaven, for appellant.

**Greek L. Rice,** Attorney General, by **R. O. Arrington,** Assistant Attorney General, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

The appellant was indicted for murder and convicted of manslaughter. The indictment was returned by the grand jury at a term of the court which convened on January 9, 1941. Its validity was challenged, but unsuccessfully, by the appellant on the ground that the court was without power to empanel a grand jury at its June term. Under Chapter 225, Laws 1940, the court below has full criminal jurisdiction at its June term. But the appellant says that chapter runs counter to Section 61 of the state's Constitution, which provides that "No law shall be revived or amended by reference to its title only, but the section or sections, as amended or revived, shall be inserted at length."

Chapter 37, Ex. Sess. of 1931, fixes the terms of the circuit courts of the state. One of the paragraphs of Section 14 thereof is as follows: "Lincoln: On the first Monday in January, four weeks, and third Monday in

June two weeks and first Monday in September, four weeks. The June term shall be for civil business only."

Chapter 225, Laws 1940, provides that Section 14, Chap. 37, Laws of Ex. Sess. 1931, be amended to read as follows, and reproduces Section 14 of Chapter 37 in the exact language of that chapter, except that the paragraph therein dealing with Lincoln County reads as follows: "Lincoln county: On the second Monday of January, three weeks, and the second Monday of June, four weeks and the first Monday of September, four weeks."

As we understand the appellant's contention in this connection, it is that in amending Section 14 of Chapter 37, the legislature should have brought forward into the amending statute the whole of that chapter instead of only the section thereof intended to be amended. With this we cannot agree, and are of the opinion that in making this amendment the legislature followed literally the constitutional requirement.

Coming now to the merits. The evidence fully sustains the verdict, and there is no error in any of the rulings of the court except one to be hereinafter discussed. Evidence of a number of separate threats made by the deceased to kill the appllant were offered. Several of them were excluded, and no error was thereby committed; for evidence thereof would have been merely accumulative to that which the court permitted to be introduced and considered. The appellant offered to introduce twenty witnesses who would testify that his character for peace and violence was good, and on the statement by the district attorney that he did not intend to challenge the appellant's character, the court limited him to six witnesses thereto, and committed no error in so doing. 6 Wigmore on Evidence (3 Ed.), Sec. 1908.

The court below granted the state the usual falsus in uno instruction, correct in verbiage but which this court said should never have been given in any form. Metropolitan Life Ins. Co. v. Wright, 190 Miss. 53, 199 So. 289, and Swanner v. State, 191 Miss. 47, 2 So. (2d) 142. The

error in granting the instruction here, however, does not require the reversal of the judgment, for the reason that there is not even a probability on the evidence that without the instruction any fair-minded jury would have rendered a more favorable verdict for the appellant than the one rendered here. Sikes v. Thomas et al., 192 Miss. 647, 7 So. (2d) 527.

Affirmed.