LEE *v.* STATE.

(In Banc. April 27, 1942.)

[7 So. (2d) 875. No. 34852.]

J. W. Cassedy, Jr., of Brookhaven, for appellant.

Greek L. Rice, Attorney General, by Geo. H. Ethridge, Assistant Attorney General, for appellee.

**Alexander, J.**, delivered the opinion of the court.

Appellant was convicted of manslaughter based upon a charge of culpable negligence in the driving of an automobile. The evidence fully justified the jury in its verdict but it remains to consider whether there is merit in the assignments of error based upon the alleged invalidity of the indictment, jurisdiction of the court, and the giving of the instructions for the state.

The first two assignments of error mentioned have been found to be without merit in Fugler v. State, 192 Miss. 775, 7 So. (2d) 873, this day decided. The instruction complained of is as follows:

"The Court instructs the jury for the State that it is not necessary for the State to prove any malice, ill-will, or intent on the part of the Defendant to kill the deceased or to do him any personal injury, but it is only necessary that the State prove beyond all reasonable doubt that the deceased was killed as a direct result of the culpable negligence of the Defendant.

"The Court further instructs the jury for the State that criminal or culpable negligence is that degree of negligence or carelessness which would be denominated as gross, and which constitutes such a departure from

what would be the conduct of an ordinary prudent man under the same circumstances, as to furnish evidence of indifference to consequences; and if the jury believe from the evidence in this case beyond a reasonable doubt that the Defendant was under the influence of intoxicating liquor at the time, and drove his car, and on meeting the truck upon which the deceased was riding, he drove his car in such gross, negligent and careless manner without regard to the safety of others driving on said highway, and in such manner as to constitute gross negligence and carelessness on the part of the Defendant, and in such manner drove his car to the left of the center of the highway on meeting the truck upon which the deceased was riding, and struck the rear wheel of said truck, causing the deceased to be thrown to the ground and killed as a direct result of the said gross, negligent, careless, and reckless manner in which the Defendant was driving the car, at the time, and if you do believe from the evidence in this case beyond a reasonable doubt then the Defendant is guilty as charged and the jury should so find.''

There is no doubt that this instruction should be criticized adversely if not, indeed, condemned as error. Cutshall v. State, 191 Miss. 764, 4 So. (2d) 289. We take this occasion to emphasize the error here committed, in the hope that it may guarantee against further repetition. The vice of the instruction, as pointed out in the Cutshall case, is that it does not clearly connect the fact of intoxication causally with the resultant death and is not sufficiently made a factor in the definition of culpable negligence. As heretofore pointed out, regardless of the deserved condemnation of drunken driving and the fact that it often results in criminal and culpable negligence, a defendant is entitled to be protected against conviction upon the mere circumstance that at the time of the accident he was intoxicated.

Under the whole record here it is clear to us that no prejudice was occasioned to the defendant in view of at least two instructions in his behalf which emphasized

that the fact of intoxication was insufficient to convict unless it thereby contributed to the death by constituting an element of culpable negligence. Such instructions supply that which was ambiguous in the state's instruction. The other assignments of error have been noted and found to be without merit.

Affirmed.