33225. HAWKINS *v.* BENTON RAPID EXPRESS INC., *et al.*

820

DECIDED OCTOBER 6, 1950.   REHEARING DENIED DECEMBER 15, 1950.

*E. W. Maynard, Carlton Mobley, Jackson & Jackson, C. S. Baldwin Jr.,* for plaintiff.

*John R. L. Smith,* for person at interest, not party.

*Whitman & Whitman, Martin, Snow & Grant,* for defendants.

TOWNSEND, J. (After stating the foregoing facts.) ■ It is contended by the first ground of the amended motion for a new trial that the plaintiff is entitled to a new trial as against the codefendant, J. W. Smallwood, because the case as to the latter was in default at the time of the trial and the court correctly charged the jury to this effect; that as a matter of fact the trial court has granted her a new trial as to Smallwood and, this being so, she is entitled as a matter of law to a new trial as to the other defendants. To this effect counsel cite *Irwin* v. *Riley,* 68 *Ga.* 605; *Gilstrap* v. *Leith,* 24 *Ga. App.* 720 (102 S. E. 169), and *Hendricks* v. *Henderson,* 38 *Ga. App.* 298 (143 S. E. 777). These cases all deal with a verdict in favor of the plaintiff against all the defendants, and hold that where the verdict against one of such defendants is unauthorized a new trial may be granted as to them all. The situation here is distinguishable in that the verdict is in favor of all the defendants, and against the plaintiff. In *Finley* v. *Southern Ry. Co.,* 5 *Ga. App.* 722(3) (64 S. E. 312) it is held as follows: "A plaintiff can sue one or more than one, or he can sue all, of several joint tort-feasors in the

same action, and the jury, by its verdict, can bind one and relieve another, as the evidence may authorize, but if the verdict be rendered against all of the defendants, the judgment thereon is single, and must stand or fall alone." See also *Joyce* v. *City of Dalton*, 73 *Ga. App.* 209(1) (36 S. E. 2d, 104). In *Chicago Bldg. & Mfg. Co.* v. *Butler*, 139 *Ga.* 816, 819 (78 S. E. 244), the court, reviewing a judgment *in favor of* several codefendants, stated: "We are confronted with the question whether we can affirm the judgment as to the other defendants and reverse it as to these two. We understand the rule to be that where a judgment is entire and indivisible, it can not be affirmed in part and reversed in part, but the whole must be set aside if there be reversible error therein. . . But where a judgment appealed from can be segregated, so that the correct portions can be separated from the erroneous, the court will not set aside the entire judgment but only that portion which is erroneous." Following this rule, the court set aside the judgment as to two of the defendants only. The same result was reached in *Sikes* v. *Thomas*, 192 Miss. 647 (7 So. 2d, 527) a guest case involving alleged joint tort-feasors. We conclude, therefore, that the trial court was authorized to set aside the illegal part of the verdict in favor of the defendant Smallwood and refuse to grant a new trial as to the other defendants, provided the judgment as to them was not otherwise erroneous. This ground of the amended motion for a new trial is without merit.

■ It is contended in ground two that the trial judge erred in charging in effect that the plaintiff, to recover against Benton Rapid Express, must prove that its negligence was the proximate cause of her husband's death, when he should have charged that she would be entitled to recover if the jury found the defendant to be negligent and that its negligence, together with the negligence of the codefendant, combined to produce the injury. This is, of course, the proper charge. However, in order to have recovered against Benton Rapid Express alone the plaintiff would have had to prove that this defendant's negligence was the proximate cause of the injury. The court correctly charged that if the defendants "were jointly and concurrently negligent in one or more ways alleged and that such joint and concurrent negligence was the proximate cause" of the death,

they should find against all the defendants. He also charged that if the negligence of the defendant Smallwood was the sole proximate cause of the injury there could be no recovery against this defendant, and this portion of the charge is assigned as error in special ground 7. The evidence being in conflict, the jury might have found that Smallwood's reckless driving was the sole proximate cause of the collision, or they might have found that this negligence concurred with the negligence of the other defendants if they believed that the truck was in fact parked without lights in a position extending out into the highway. Construed as a whole, the charge shows no error in this regard which would have prejudiced or misled the jury. Grounds 2 and 7 are therefore without merit.

■ Grounds 3, 6, 8, 9, 10 and 11 deal with charges of the court as to the duty of a guest to warn the driver of danger, as follows: "I charge you that if the plaintiff's husband, by ordinary care, could have avoided the consequences to himself caused by the defendant's negligence, she is not entitled to recover. . . I charge you that the negligence of the driver of an automobile is not imputable to a passenger who had no right or was under no duty to control or influence the driver's conduct in driving the automobile. While the negligence of the driver of an automobile cannot be imputed to a passenger under the circumstances I have just stated to you, yet the passenger could not close his eyes to known or obvious danger arising either from acts of the driver of the automobile in which he is riding or from the acts of others. If there is danger from either cause and the circumstances are such that it would become apparent to a person of ordinary prudence in like circumstances, then it is the duty of the passenger to do whatever a person of ordinary prudence would or should do under the same or similar circumstances . . and you further find the deceased could not have avoided the consequence of said defendant's negligence after it became apparent to the deceased, or he could have discovered the same by the exercise of ordinary care. . . I charge you that a passenger, unless he has notice to the contrary, may assume that neither the driver of the automobile in which he is riding nor others will be negligent. While the negligence of John Smallwood, if any, is not imputable to the plaintiff's hus-

band, nevertheless, I charge you that Mr. Johnson as a passenger could not close his eyes to known or obvious dangers arising either from the acts of John Smallwood or the acts of others and if there is danger from either cause and the circumstances are such that it would become apparent to a person of ordinary prudence in all the circumstances, then it became the duty of the plaintiff's husband to do whatever in the opinion of the jury a person of ordinary prudence would or should have done in the same or like circumstances. . . If you find that John Smallwood was under the influence of intoxicating liquor and incompetent to drive and that that fact was known to the plaintiff's husband or in the exercise of ordinary care he could have known it, and that plaintiff's husband in riding with John Smallwood under such circumstances failed to exercise ordinary care for his own safety and his failure to do so was the direct and proximate cause of his injuries, the plaintiff cannot recover. . . I charge you that if Russell Johnson knew or in the exercise of ordinary care could have known that John Smallwood was under the influence of intoxicating liquor or incompetent to drive, but nevertheless rode in the automobile with that knowledge and that Johnson in this respect failed to exercise ordinary care for his own safety and his failure to do so was the direct and proximate cause of his death, his widow cannot recover, that is, recover of the defendants, Benton Rapid Express Inc. and Cecil Collis."
In addition, ground 9 excepts to the following: "I charge you that if Russell Johnson knew or in the exercise of ordinary care should have known that John Smallwood, the driver, was incompetent or careless or driving at a reckless and dangerous rate of speed, if the jury should find that these conditions existed, *Mr. Johnson should have notified Smallwood of the danger*, and if after warning Smallwood of such carelessness and recklessness, if any, the warning was unheeded by Smallwood, a duty might devolve upon Johnson to have insisted that Smallwood stop the automobile and allow him to get out or under the circumstances to take other suitable action to protect himself from this recklessness, if there was such, I charge you that one who knowingly and voluntarily takes a risk of injury to his person, the danger of which is so obvious at the time as in and of itself to amount to a failure to exercise ordinary care and diligence for his own

safety, cannot hold another liable in damages for injuries thus occasioned." (Italics ours.)

It is observed that the portion of the charge dealing with this issue is exceedingly lengthy. Those grounds of complaint charging that there was no evidence upon which to base the instructions are without merit, since, as seen from the statement of facts, the jury would have been authorized, had it believed certain of the witnesses and disbelieved others, to conclude that the deceased and his companions had been drinking, and they might have concluded from all the attendant circumstances that this explained the actions of the defendant Smallwood in driving at a rapid speed in a heavy rainstorm at night and running into a parked truck. They might have inferred from the circumstances of the deceased's having spent the afternoon with him that he was aware that Smallwood had been drinking, and that he ought, in the exercise of ordinary care, to have known that this had impaired Smallwood's ability to drive. See *Smeltzer* v. *Atlanta Coach Co.*, 49 *Ga. App.* 755(3) (176 S. E. 846). Thus, there was some evidence to authorize a charge on the subject, the evidence here being stronger than that in *Mishoe* v. *Davis*, 64 *Ga. App.* 700 (14 S. E. 2d, 187), cited by the plaintiff. The circumstances may be such as to create a duty of self-preservation on the part of the guest to take some steps to protect himself from the obvious rashness or recklessness of his host driver. See *Russell* v. *Bayne*, 45 *Ga. App.* 56 (163 S. E. 290); *Samples* v. *City of Atlanta*, 95 *Ga.* 110 (22 S. E. 135); *Evans* v. *Charleston & W. C. R. Co.*, 108 *Ga.* 270 (33 S. E. 901); *Southern Ry. Co.* v. *Hogan*, 131 *Ga.* 157 (62 S. E. 64); *Horne* v. *Neill*, 70 *Ga. App.* 602 (29 S. E. 2d, 275); *Taylor* v. *Morgan*, 54 *Ga. App.* 426 (188 S. E. 44); *Roach* v. *W. & A. R. Co.*, 93 *Ga.* 785 (21 S. E. 67). What steps he should take, and whether or not under the circumstances of each case he should interfere in the control and direction of the automobile by warning the driver, leaving the car, or taking any other action, is peculiarly a matter for the jury to decide. See *McCord* v. *Benford*, 48 *Ga. App.* 738(3) (173 S. E. 208); *Russell* v. *Bayne*, supra, and cases there cited. In this case, after several times charging this rule of law correctly, the trial court went further and charged in effect that if the deceased either knew (that is, had actual knowledge) or should

have known (that is, had constructive knowledge) that the driver was careless or incompetent, it was his duty to warn, and that the failure to do so would preclude recovery. Thus, the trial court charged the jury as to what duty devolved upon Johnson under the circumstances, whereas the rule, correctly stated, is that under such circumstances, what action Johnson should have taken, if any, is a question for the jury to determine. Therefore, in this case, this charge took away from the jury the right to decide whether or not the circumstances were such that the duty to warn the driver did, in fact, devolve upon the deceased in the exercise of the duty of self-preservation. As is pointed out in *Atlanta & West Point R. Co.* v. *Hudson*, 123 *Ga.* 108 (51 S. E. 29), in the second division of the opinion, there is a wide difference between charging a jury that a certain duty, such as that of exercising ordinary care, is imposed by law, and in charging them that this duty consists of doing certain acts specified by the court, it being for the jury to determine whether the specific acts do or do not amount to that care which a reasonably prudent man would use under the circumstances.

Counsel for the defendants rely on *Mann* v. *Harmon*, 62 *Ga. App.* 231 (5) (8 S. E. 2d, 549), for the position that the charge here complained of was not error. The *Mann* case, however, is distinguishable from the case at bar in several respects. In the *Mann* case the action was by the guest against the host only, whereas the case at bar is between the widow of the guest as plaintiff and the host and two others as defendants. Also, in the *Mann* case the guest *had already warned* the driver, whereas here there is no evidence that the deceased warned the driver in the instant case. Also, in the *Mann* case the evidence demanded a finding that the plaintiff was aware of the incompetence of the driver, whereas here the intoxication of the driver, if any, was denied by the surviving occupants of the car. It is the well-settled rule of law in this State that what steps the guest should take, and whether or not he should interfere in the control and direction of the automobile, is determined by the circumstances of each particular case, and that generally this is a matter for the determination of the jury. See *Russell* v. *Bayne*, supra. The circumstances in *Mann* v. *Harden*, supra, were held to be such as to require the warning on the part of

the guest (which had in fact already been given before the collision occurred) as a matter of law. The distinguishing facts of that case as compared to the one here under consideration, including the flagrant negligence of the driver, well known to the plaintiff there, and the fact that no issue was made as to whether or not such negligence existed, sets the *Mann* case apart from the general rule as here outlined. There the only defendant, the host, affirmatively pleaded his own negligence and the guest's knowledge thereof as his defense. The guest admitted that he had many times warned the driver. Therefore, as to the only question left in issue, whether the guest should then have refused to continue to ride in the automobile, the court charged that that was a question for the jury to determine. There was therefore no jury question as to whether the guest should have warned the driver. There was a jury question as to whether or not he should have left the automobile, and, on this issue, the court correctly charged that a duty "may devolve upon him to insist that the driver shall stop the vehicle and allow him to alight, or take some other suitable action for his own protection." Thus, the *Mann* case conforms to the general rule that such matters are questions for the determination of the jury with respect to all things with reference to what duty might devolve upon the guest, and whether or not the acts done measured up to this duty.

Special grounds 3, 6, 8, 10 and 11 are without merit. The excerpt complained of in special ground 9 is error requiring reversal.

■ Grounds 14, 15 and 16 of the amended motion complain of the admission over objection of certain testimony of Kelton Smallwood, the third occupant of the car, elicited by cross-examination, to the effect that he had seen his brother, the driver, on other occasions when the latter was too drunk to drive. Code § 38-202 provides as follows: "The general character of the parties, and especially their conduct in other transactions, are irrelevant matter, unless the nature of the action involves such character and renders necessary or proper the investigation of such conduct." Also, as stated in *Cox* v. *Norris*, 70 *Ga. App.* 580, 583 (28 S. E. 2d, 888): "In actions for damages for injuries sustained in an automobile accident alleged to have been

caused by the negligence of the defendant, the issue before the court is the negligence or non-negligence of the defendant at the time and place of the accident. 45 C. J. 1246, § 809. And each transaction must be ascertained by its own circumstances, and not by the reputation or character of the parties. 20 Am. Jur. 300, § 319. It is a general rule that in a suit for negligence, evidence of similar acts or omissions on other and different occasions is not admissible. *Hollomon* v. *Hopson*, 45 *Ga. App.* 762, 765 (8) (166 S. E. 45)." There being nothing to take this case out of the general rule, the testimony was inadmissible. This is not to say that proof of a driver's general incompetence because he has, over a period of years, made a practice of driving at excessive and dangerous rates of speed and while under the influence of intoxicants, is inadmissible *when it is also shown that such incompetence is known to the guest,* for under such circumstances the jury would have a right to determine whether the guest, by riding with such a driver when these facts were known to him, had assumed the risk involved. *Kelly* v. *Locke*, 186 *Ga.* 620 (4) (198 S. E. 754). Here the witness testified that he had seen Smallwood when he was not capable of driving because he was under the influence of intoxicants. The same witness also testified that he, Smallwood, and the deceased had previously taken trips together. The witness was then asked whether the deceased, on these trips, had also seen Smallwood when he was incapable of driving, but this question was not answered and not insisted upon. There was, therefore, nothing to connect the deceased with the occasions by which it was sought to show Smallwood's character as a drunken driver, and, in consequence, nothing to show that he had knowledge that Smallwood was incompetent. Without this foundation the testimony was inadmissible. The trial court erred in overruling grounds 14, 15 and 16 of the motion for a new trial.

■ There being evidence, as discussed above, from which the jury might have been authorized to find that the defendant Smallwood was intoxicated, there was no error in charging the provisions of Code § 68-307 relative to operation of motor vehicles while under the influence of intoxicants, or in charging that such a violation would be negligence per se, as contended in grounds 4, 5 and 12 of the amended motion.

■ Objection is made in special ground 13 to sustaining an objection to the following question on the ground that it was leading and called for a conclusion: "You testified that the back end of this truck was parked about three feet from the curb line and assuming the truck was eight feet wide, would that throw it out beyond where this new pavement started into the old pavement?" The witness testified without objection as follows: "I couldn't say how wide that big truck was, it looked like it was eight feet or such a matter. I couldn't say whether the left side of the truck looking towards Macon was all within the new pavement or part of it in the road." Consequently, and without passing on the merits of the objection, it appears that the witness gave precisely the information called for without objection, and there could have been no error prejudicial to the plaintiff in sustaining it. See *Warnell* v. *Ponder*, 54 *Ga. App.* 1 (5) (187 S. E. 261).

■ Ground 17 complains that the court charged that it was the defendant Smallwood's duty to have his automobile equipped with headlights capable of revealing objects 500 feet ahead of the car when he should have said "500 feet ahead in the darkness," that this charge was not adjusted to the evidence, and that it led the jury to believe that unless the car was so equipped Smallwood would be solely, rather than concurrently, liable for any injuries. Granting that the wording suggested is the proper statement of the law (See Code, Ann. Supp., § 68-316), this court is of the opinion that, in this case, the error was harmless and that there was nothing therein which would have led the jury to adopt such a misconception of the case.

The trial court erred in overruling the motion for a new trial for the reasons set out in the third and fourth divisions of this opinion.

*Judgment reversed. MacIntyre, P.J., and Gardner J., concur.*