22046.   EVANS v. CALDWELL.

Decided April 29, 1932.

*Maddox & Sapp, McDaniel, Neely & Marshall, Harry L. Greene,* for plaintiff in error.

*R. Carter Pittman, Mann & Mann,* contra.

Luke, J.  Mack Caldwell, by next friend, brought an action against W. R. Evans, by guardian ad litem, in the superior court of Whitfield county, to recover damages for alleged personal injuries sustained as the result of the negligent operation of an automobile, in which the plaintiff was riding as a self-invited guest.   Exception is taken to the judgment overruling the demurrer to the petition. A verdict and judgment were rendered for the plaintiff.   Defendant's motion for a new trial was denied, and exception taken.   Since the grounds of demurrer and the general grounds of the motion for a new trial raise substantially the same questions, these have been considered together.

It is urged by counsel for the defendant that the plaintiff had no valid cause of action, and was not entitled to a recovery in this case, for the reason that the defendant's self-invited guest, on the fateful automobile ride described in the petition, (for whose safety defendant was under the legal duty to exercise only slight care) was fully aware that the defendant, while operating the automobile, "was intoxicated and that he had poor muscular control over himself;" that he was aware that the defendant was operating the automobile at a grossly excessive rate of speed and was unable to control the car properly; that, being fearful of his own safety, plaintiff requested defendant to permit him to do the driving; that after a temporary stop on the way, where both got out of the car for a brief period of time, plaintiff, to use his own words, "took a chance on

W. R. [the defendant] being able to make it," and, reckless of his own safety, resumed his place in the car while relying on defendant's promise to drive more carefully; and that, subsequently, the defendant rammed the car into a guard-fence of a bridge, completely wrecking the car, and seriously injuring the plaintiff. While it is true that the petition alleges that the defendant "was intoxicated and had poor muscular control over himself," it does not affirmatively appear from any allegations of the petition, nor from the evidence adduced upon the trial, that he was intoxicated to a degree that rendered him incapable of operating or controlling the automobile properly. Moreover, there are allegations of the petition "that the defendant driver learned before he left Dalton that a girl, Miss Bonnie Jernegan, with whom he had been keeping company, had left Dalton going to the same social gathering sometime before the defendant and Mack Caldwell left Dalton, and, as they proceeded along the road at said high and dangerous rate of speed, said defendant talked of nothing except about his girl going to Resaca with another boy, and seemed to be mad, and possessed of a determined self-will that would not yield to entreaties, and acted as if he was trying to catch said third parties."

Defendant in his answer and on the witness stand in his own behalf denied intoxication on his part; and plaintiff himself on the stand was content to minimize the charge of intoxication with the rather mild suggestion that, "I kinder thought he might have had a drink," and "I noticed that he seemed to have had something to drink," and "I thought he had something to drink." But plaintiff testified also, after relating other pertinent facts: "I asked him to slow down, and if he didn't he would wreck the car, and he said he didn't give a damn if he did. I don't know what seemed to be the matter with him, without it was his girl." Of course the questions arising are: Was defendant guilty of gross negligence proximately causing plaintiff's injuries? Did the plaintiff, in the circumstances, exercise ordinary care to avoid the consequences of defendant's gross negligence? We cannot say that the facts upon which the answers to these questions must be based so unequivocally appear, either from the petition or from the evidence, as to render it the plain duty of this court to award the defendant a new trial. Indeed, there is much that in reason has been urged by counsel on both sides of these questions, and it is precisely because these ques-

tions are so debatable in such cases that, under our law, the jury has the sole right to determine them.

There are six special grounds with numerous subdivisions of the motion for a new trial; five of them criticizing certain portions of the court's charge or complaining of the failure of the court to charge the law in certain particulars; and the sixth challenging the verdict on the ground that it is so excessive as to indicate prejudice on the part of the jury. None of these assignments are very impressive. In some instances they are inconsequential. Others are incomplete under the rules laid down in the decisions of our courts, and in others, where the court's, failure to charge is involved, because no request for more specific instructions was submitted; and as to the last ground, because the evidence indicated plainly that the plaintiff was seriously and permanently injured, and the assignment does not show why or how the jury was prejudiced.

From the foregoing considerations it follows that we are of the opinion that the defendant's demurrer was properly overruled; and that the motion for a new trial was properly denied.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*