**CALDWELL v. STANDARD ACC. INS. CO.**

**STANDARD ACC. INS. CO. v. CALDWELL.***

Nos. 7475, 7476.

Circuit Court of Appeals, Sixth Circuit.

June 10, 1938.

*Writ of certiorari denied 59 S.Ct. 106, 83 L.Ed. —.

Sam J. McAllester, of Chattanooga, Tenn., and R. C. Pittman, of Dalton, Ga. (Sam J. McAllester, of Chattanooga, Tenn., and R. Carter Pittman, of Dalton, Ga., on the brief), for Caldwell.

Harry L. Greene, of Atlanta, Ga., and Estes Kefauver, of Chattanooga, Tenn. (M. U. Hayden, of Detroit, Mich., Harry L. Greene, of Atlanta, Ga., Estes Kefauver, of Chattanooga, Tenn., Neely, Marshall & Greene, of Atlanta, Ga., and Sizer, Chambliss & Kefauver, of Chattanooga, Tenn., on the brief), for Standard Acc. Ins. Co.

Before HICKS and ALLEN, Circuit Judges, and WEST, District Judge.

ALLEN, Circuit Judge.

These appeals grow out of a judgment against an insurance company based upon a judgment theretofore rendered in a personal injury case against the driver of an automobile insured under the policy.[1] The car owner, the insured, was Mrs. F. E. Evans, a resident of Dalton, Georgia. Her son, W. R. Evans, Jr., then seventeen years old, was driving the car at the time of the accident. On the evening in question Evans asked his mother for the use of the car to go to a picture show in Dalton. He frequently drove the car for his mother, who was in the bedspread business, taking materials out into the surrounding territory and collecting the finished bedspreads. His mother gave him permission to use the car on this evening, but told him to return after the show was over. Instead of doing this, he drove with Mac Caldwell, intending to go to a dance in Resaca, Georgia. Some eight miles from Dalton the automobile was overturned and Caldwell was seriously injured. Caldwell sued in the Georgia state court, Evans v. Caldwell, 45 Ga.App. 193, 163 S.E. 920, and recovered a judgment against W. R. Evans, Jr. Execution was returned unsatisfied, and the instant suit was brought to recover the amount of the judgment from the insurance company.

■ A prior suit between the same parties, praying for the same relief, was filed in the United States District Court in Georgia, and was dismissed without prejudice. It is unnecessary to discuss various questions arising out of the suit in Georgia because of the fact that they were raised in Caldwell's appeal, No. 7475, which he has abandoned.[2] The contract, which is the usual automobile liability policy, names Mrs. F. E. Evans as the assured. The principal clause in controversy (the so-called omnibus clause) relates to the "Additional Assured," and reads as follows:

"The term 'Named Assured' as herein used shall mean only the Assured named and described in Item 1 of said Declarations, but the term 'Assured' shall include any other person while riding in or legally operating any such automobile and any other person, firm or corporation legally responsible for the operation of such automobile, provided: (a) such automobile is being used with the permission of the Named Assured, or, if he is an individual, with the permission of an adult member of his household other than a chauffeur or domestic servant. * * *"

Caldwell contends, and the District Court held, that the clause "with the permission of the Named Assured" was not intended to limit the coverage to such uses by members of the family as would fix liability upon a parent for a negligent use. The District Court applied the doctrine that the contract is construed most strongly against the one who drew it, and held that if the insurer intended the policy to be construed in this limited sense it should have been so worded, and that the use by W. R. Evans, Jr., fell within the permitted use as defined by the policy.

If the evidence had presented a conflict as to permission, a nice question would have arisen, for under this record undoubtedly W. R. Evans, Jr., had practically the exclusive use of the car, with his mother's consent. It does not appear that his mother drove at all. He drove the car in her business and used it constantly for his own school transportation and his personal pleasure. However, as to this particular transaction, the evidence is uncontroverted that permission to go to Resaca was not given, and in fact there was a positive prohibition against taking the car from Dalton. Both the son and the mother testified that Evans was given the car to go to the picture show, and was told to return immediately after the show. In addition, Mrs. Evans told her son "not to go anywhere else."

■■ Caldwell relies upon the slight deviation doctrine of Dickinson v. Maryland Casualty Co., 101 Conn. 369, 125 A. 866, 41 A.L.R. 500, as authority for his contention that W. R. Evans, Jr., was covered by the policy at the time of the accident.

---

[1] Appeal No. 7475 has been abandoned in this court.

[2] The present case was begun as an equity case in a state chancery court which had jurisdiction under Tennessee statutes. The Insurance Company did not ask for transfer of the case to the law side of the court after removal to the District Court, nor in any way object to the equity jurisdiction. It therefore has waived its right to object on that ground. Alliance Ins. Co. v. Alper-Salvage Co., Inc., 6 Cir., 19 F.2d 828, 830, note 2; Ogdin v. Goodwin, 6 Cir., 76 F.2d 196, note 1.

This doctrine is that slight deviations from a route upon which the driver is permitted to operate the car do not annul the protective features of the insurance policy, such as the one in suit. The doctrine has been criticized upon the ground that it establishes a test of liability which is necessarily variable and uncertain. Stovall v. New York Indemnity Co., 157 Tenn. 301, 8 S.W.2d 473, 72 A.L.R. 1368. But if this doctrine expressed the settled rule of law upon this point, by no reasonable intendment could a trip from Dalton to Resaca be considered a mere extension of the permission to attend the picture show in Dalton. There is an even stronger reason, however, for holding that the policy does not cover the accident. The particular use was not only not specifically permitted; it had actually been forbidden. We have been cited to no decision which holds that under an omnibus clause such as here involved a specific prohibition as to manner of use is outweighed by a general permission so that coverage is extended actually against the orders of the named assured. In fact the authority is contra. Trotter v. Union Indemnity Co., 9 Cir., 35 F.2d 104; Frederiksen v. Employers' Liability Assur. Corporation, 9 Cir., 26 F.2d 76; Columbia Casualty Co. v. Lyle, 5 Cir., 81 F.2d 281; Standard Accident Co. v. Rivet, 5 Cir., 89 F.2d 74, 77.

Since the use made of the car was prohibited, it was not used with the permission of the named assured, and the company is not liable under the policy.

As Caldwell has abandoned his appeal by failing to press his assignments of error either in brief or in oral argument, appeal No. 7475 is dismissed. In appeal 7476 the decree is reversed. Cf. Alliance Ins. Co. v. Alper-Salvage Co., Inc., 6 Cir., 19 F.2d 828, 832.