### 33884. WILLIAMS v. OWENS.

DECIDED MARCH 7, 1952.

*Sullivan & Maner*, for plaintiff in error.

*Harry P. Anestos*, contra.

FELTON, J. While ordinarily questions of comparative negligence are ones for a jury, if a petition shows that the plaintiff failed to exercise ordinary care for her own safety, a general demurrer to the petition will be sustained and the action dismissed. The petition alleged that the defendant drank heavily while in the night club. It also alleged: "Plaintiff insisted that the defendant was in no condition to drive and requested that her husband be allowed to drive said automobile. This request was rejected and, in order to allow the defendant more room for driving, plaintiff got into the back of the truck." It was alleged that the proximate cause of the plaintiff's injuries was the drunken and reckless driving of the defendant. By an express allegation the plaintiff admitted that she knew before she entered the truck that the defendant was in no condition to drive. With this fact before her, the plaintiff did not exercise ordinary care in entering the truck to be driven by the defendant, even though she later requested that she be allowed to leave the truck. The defendant in error relies on the case of *Evans v. Caldwell*, 45 *Ga. App.* 193 (163 S. E. 920). The record in that case shows that the petition alleged that *after* the plaintiff had entered the defendant's car, he discovered *for the first time* that the defendant was intoxicated and had poor muscular control over himself. The petition did not allege that between the time the plaintiff first entered the car and the time of the accident, the plaintiff and the defendant stopped, got out of the car, and after a brief stop resumed the trip. Therefore, so far as the pleading is concerned, the plaintiff in that case did not discover the "intoxicated" condition and the "poor muscular control" of the defend-

ant until after he had entered the car, and did not have an opportunity to leave the car before the accident occurred. On the trial of the case, the plaintiff testified that, after he first got into the car, he thought the defendant had had a drink, and that this was what he had meant in his pleading when he had pleaded that the defendant was "intoxicated," and that, when he alleged that the defendant "had poor muscular control," he meant that the defendant could have driven all right if he had not driven so fast. The jury were authorized to find from the evidence in that case that, while the plaintiff knew the defendant had had a drink, he did not know that the defendant was too intoxicated to drive safely.

The court erred in overruling the general demurrer to the petition.

*Judgment reversed. Sutton, C.J., and Worrill, J., concur.*