37282. MANIS *v.* BING.

DECIDED SEPTEMBER 22, 1958.

*Covington & Kilpatrick, Bryan M. Storey,* for plaintiff in error.
*Maddox & Maddox, J. D. Maddox,* contra.

NICHOLS, Judge. The sole question presented by the defendant's motion for new trial is whether there was any competent evidence to support the verdict of the jury, for as has often been said: "This court does not pass upon the credibility of witnesses, nor the weight to be given evidence on disputed facts. These are questions for the jury. Whether their verdict is contrary to the evidence, or contrary to its weight, or decidedly and strongly against i[t]s weight, is a question the law vests in the trial judge's discretion. He may grant a new trial on these grounds, but this court has no such power. Where the trial judge approves the verdict, the sole question for determination by this court is whether there is any evidence sufficient to authorize it." *Adler* v. *Adler,* 207 *Ga.* 394, 405 (61 S. E. 2d 824).

It was stipulated that the defendant owned the timber on a tract of land which joined property owned by the plaintiff on two sides, and that the question was the location of the lines dividing this land.

The plaintiff testified that there were old fences on both lines, that the timber on his side of the lines was much larger than the timber owned by the defendant, and that a part of the timber was cut *after* he, the plaintiff, had personally pointed out to the defendant the location of at least one of the lines. The plaintiff further testified as to the amount of timber cut and the defendant testified as to the value of the timber after it was manufactured into lumber, and that just by looking you could tell the timber on the plaintiff's property was larger than the timber he owned.

234

The evidence shown above, of course, was not all the evidence adduced on the trial of the case, but under the rules of law quoted from the *Adler* case supra, it alone, regardless of any other evidence adduced, would support the verdict for the plaintiff, as the jury was authorized to find that the defendant committed a wilful trespass so as to be liable, under Code § 105-2013 (1), for the full value of the property at the time of the demand or suit, without deduction for his labor or expense. See in this connection *West Lumber Co.* v. *Castleberry*, 76 *Ga. App.* 9 (45 S. E. 2d 67), and citations.

While the trial court had the discretion to grant a new trial if he found that the verdict was contrary to the evidence, or contrary to its weight, or decidedly and strongly against its weight, this court has no such discretion and where, as here, the verdict has the approval of the trial court and there is evidence sufficient to authorize it, this court has no alternative, in dealing with the usual general grounds of a motion for new trial, except to affirm the judgment denying the movant a new trial.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*