38229. PETTIGREW *v.* BRANCH, Next Friend.

DECIDED APRIL 18, 1960.

*Perry, Walters & Langstaff, Jesse W. Walters,* for plaintiff in error.

*Robert R. Forrester, Farkas, Landau & Davis, Edmund A. Landau, Jr.,* contra.

NICHOLS, Judge. "The sole question presented by the defendant's motion for new trial is whether there was any competent evidence to support the verdict of the jury, for as has often been said: 'This court does not pass upon the credibility of witnesses, nor the weight to be given evidence on disputed facts. These are questions for the jury. Whether their verdict is contrary to the evidence, or contrary to its weight, or decidedly and strongly against its weight, is a question the law vests in the trial judge's discretion. He may grant a new trial on these grounds, but this court has no such power. Where the trial judge approves the verdict, the sole question for determination by this court is whether there is any evidence sufficient to authorize it.' *Adler* v. *Adler,* 207 *Ga.* 394, 405 (61 S. E. 2d 824)." *Manis* v. *Bing,* 98 *Ga. App.* 232, 233 (105 S. E. 2d 463).

It was stipulated that the automobile in which the deceased was riding was owned by the defendant, that it was furnished to his wife for her comfort and convenience, that the automobile comes within the family-purpose rule, and that it was in the possession of Mrs. Norma Jean Pettigrew, the defendant's wife, on the day that Mrs. Carolyn Elizabeth Branch was killed. The evidence in the case then showed without dispute that Mrs. Pettigrew and Mrs. Branch were killed as a result of a wreck involving the car, that it was being driven at an excessive speed, estimated by various expert witnesses from the condition of the automobile, the terrain, etc., at from 100 to 115 miles per hour, that the automobile left the road on a foggy night at a curve and dip in the road and traveled a straight line to the place where it finally stopped

after being demolished as a result of striking numerous objects in its path, that both occupants of the automobile were thrown out of such automobile and died instantaneously, and that there was no evidence of the brakes having been applied. There was also uncontradicted evidence as to the age, life expectancy and earning of the deceased which, without question, would have supported the amount of the verdict. The above evidence has been set forth in order to narrow the questions actually presented by the defendant as to why the evidence did not authorize the verdict. There are only two contentions made: (1) There was no evidence to authorize a finding that the wife of the defendant was driving the automobile at the time in question, and (2) the evidence demanded a finding that, even assuming that the defendant's wife was driving, the plaintiffs' wife and mother rode in such automobile with her knowing that she was under the influence of intoxicating liquors, and a finding would be demanded for the defendant here under the line of decisions exemplified by *Staples* v. *Brown*, 96 *Ga. App.* 176 (99 S. E. 2d 526).

■ Under the evidence adduced, the occurrence was not witnessed by anyone, and when the first persons arrived at the scene shortly after it occurred, both occupants of the automobile were lying on the ground where they had been thrown as a result of the impact. The police officer who investigated the wreck explained to the jury the path that the automobile traveled, that it went off of the highway to the right side, "it began to leave the road at approximately the center of the ditch, which comes down from the Marine base and goes on into the river, and from the time the right front wheel left the road you could follow it up 175 yards to the pole it hit with the right fender, then it continued on 97 yards to the tree, it hit the tree with the left front door and side and that headed it around and it went backwards 24 yards to here, and this is the Pettigrew girl and this is the Branch girl." The witness had previously testified that "the Pettigrew girl was nearer to the road and the Branch girl was farther away."

Without going into a detailed discussion of the rules of evidence and their application to the evidence in the present case, it is deemed sufficient to refer to the case of *Kimberly* v. *Reed*, 79

*Ga. App.* 137 (53 S. E. 2d 208), where this court held that the identity of the driver could be established with evidence similar to that in the present case and that under such evidence a jury question was presented. See also *Jones* v. *Britt,* 75 *Ga. App.* 142 (42 S. E. 2d 648). Therefore, under the above evidence it cannot be said that the finding of the jury, that Mrs. Pettigrew was driving the automobile, was unauthorized by the evidence.

■ The sole remaining contention of the defendant is that under the decisions exemplified by *Staples* v. *Brown,* 96 *Ga. App.* 176, supra, the plaintiffs' deceased wife and mother was not in the exercise of ordinary care for her own safety when she rode with the defendant's wife because she knew that Mrs. Pettigrew was under the influence of intoxicating liquor at the time.

In the case of *Staples* v. *Brown,* 96 *Ga. App.* 176, supra, the plaintiff testified that he knew the defendant was under the influence of intoxicating liquor and knew the defendant was not driving properly before they traveled one-eighth of a mile but yet he continued to ride with the defendant. This is not the case here, for the lips of Mrs. Branch are sealed by death and the evidence adduced on the trial of the case did not demand a finding that Mrs. Branch *knew* that Mrs. Pettigrew was under the influence of intoxicating liquors, nor did it demand a finding that Mrs. Pettigrew was under the influence of intoxicating liquors. While Sergeant Stanley Sharpe, who had been with Mrs. Branch and Mrs. Pettigrew for some six hours earlier in the evening and until just a few minutes before the wreck, did testify that the three of them drank most or all of a fifth of liquor during the evening, he also testified that he drank most of it, that he had given away three or four drinks and that Mrs. Pettigrew and Mrs. Branch drank the rest. How much was the rest? However, there was also testimony by this sergeant that neither Mrs. Pettigrew nor Mrs. Branch appeared to be under the influence of intoxicating liquors, that they talked all right, etc., and there was also testimony of the proprietress of the last place visited by Mrs. Branch and Mrs. Pettigrew to the effect that they were in such place of business from about 11 p.m. until 1 a.m., a period of about two hours, that neither of them had anything to drink while there, and that they were not drunk. Without deciding

whether a finding would have been authorized that Mrs. Branch rode with Mrs. Pettigrew knowing that she was under the influence of intoxicating liquor, a finding that this did not occur was authorized and a verdict for the defendant on such issue was not demanded. However, on the question of whether mere knowledge that a driver has been drinking intoxicating liquors, without more, is sufficient to estop a guest from recovering because of the negligence of the driver see 15 A. L. R. 2d 1169 and cases cited.

The verdict for the plaintiffs was authorized and the judgment overruling the defendant's motion for new trial was not error. Accordingly, it is not necessary to consider the defendant's motion for a judgment non obstante veredicto.

*Judgment affirmed. Felton, C .J., and Bell, J., concur.*