40333. SPARKS v. PORCHER.

DECIDED FEBRUARY 26, 1964—REHEARING DENIED
MARCH 13, 1964.

*Memory, Barnes & Memory, S. F. Memory, Jr.,* for plaintiff in error.

*George Maddox, Arthur C. Farrar,* contra.

PANNELL, Judge. "Whether a person who takes passage in an automobile as an invitee or gratuitous passenger and continues to ride therein until an injury happens is guilty of contributory negligence or want of ordinary care by reason of the fact that the driver of the automobile has been drinking an intoxicant, is generally a question for decision by a jury. A verdict will be set aside . . . only when it is plainly and indisputably contrary to the evidence. *West v. Rosenberg,* 44 Ga. App. 211 (160 SE 808) ; *Smeltzer v. Atlanta Coach Co.,* 49 Ga. App. 755 (176 SE 846)." *Britt v. Davis,* 53 Ga. App. 783 (187 SE 125). "If a driver, from intoxication, is in a condition which renders him incapable of operating it [an automobile] with proper diligence and skill, and this is known or palpably apparent to one entering the car, this is a fact which may be proved for the consideration of the jury, along with other facts, to throw light on the question of whether such person exercised ordinary care in entering the car or in remaining in the car, or in reference to his conduct while in it." *Powell v. Berry,* 145 Ga. 696, 700 (89 SE 753, LRA 1917A 306).

It follows, therefore, that mere knowledge on the part of a passenger that the driver is under the influence of intoxicating beverages is not, as a matter of law, knowledge that such person is so much under the influence of intoxicants as not to be able to drive safely or with ordinary efficiency so as to make the passenger guilty of such lack of ordinary care for his own safety, or assumption of risk, as will bar a recovery against the driver for injuries occasioned by the driver's gross negligence.

The case of *Stephenson v. Whiten,* 91 Ga. App. 110 (85 SE2d 165) is not authority for a ruling to the contrary. In that case

the court ruled that a petition which alleges that the defendant was driving while under the influence of intoxicating liquors did not, on demurrer, require a conclusion that the plaintiff knew of the intoxication at the time she entered the automobile. In the opinion (p. 112), the court said, "If one rides with a driver of a motor vehicle knowing that the driver is under the influence of any intoxicating liquors, he is not in the exercise of ordinary care for his own safety. *Williams v. Owens*, 85 Ga. App. 549 (69 SE2d 787)"; and immediately thereafter, "The petition for recovery in this case did not affirmatively allege that the plaintiff knew that the defendant was under the influence of an intoxicant, nor did the petition allege facts from which it must necessarily be inferred that the plaintiff had ascertained that the defendant had imbibed to such an extent she could not safely operate the automobile, until after the wreck resulting in the plaintiff's injuries had occurred.

"If the circumstances of the case, as revealed by the allegations of a petition, are so conclusive that a person of ordinary intelligence must be inferred to have been cognizant of the fact that another with whom he rode in an automobile was so intoxicated as to be incapable of driving, the petition is subject to general demurrer. But in this case, as in *Evans v. Caldwell*, 45 Ga. App. 193 (163 SE 920), the facts alleged cannot be held so conclusive of the plaintiff's knowledge that the defendant was intoxicated or so much under the influence of intoxicants as not to be able to drive with ordinary efficiency." The part first quoted, including the citation of the case of *Williams v. Owens*, 85 Ga. App. 549 (69 SE2d 787), was quoted in *Staples v. Brown*, 96 Ga. App. 176, 178 (99 SE2d 526). While the language preceding the citation of the case of *Williams v. Owens*, seems to support a contrary ruling, an examination of that case discloses that it does not support such a ruling, that is, that one riding with a driver of a vehicle knowing the driver is under the influence of intoxicating liquors, is by reason of that fact alone not in the exercise of ordinary care for his own safety. In the *Williams v. Owens* case, a petition which alleged that the plaintiff knew the defendant was drinking and *knew that he was in no condition to drive* (emphasis ours) was held subject

to demurrer in that it showed the plaintiff did not exercise ordinary care for her o,wn safety. In the opinion, the court, in distinguishing the case of *Evans v. Caldwell*, 45 Ga. App. 193 (163 SE 920), called attention to the facts in that case and in reference to them said, "On the trial of the case, the plaintiff testified that, after he first got into the car, he thought the defendant had had a drink, and that this was what he had meant in his pleading when he had pleaded that the defendant was 'intoxicated,' and that, when he alleged that the defendant 'had poor muscular control,' he meant that the defendant could have driven all right if he had not driven so fast. The jury were authorized to find from the evidence in that case that, while the plaintiff knew the defendant had had a drink, he did not know that the defendant was too intoxicated to drive safely." It appears, therefore, that the case of *Williams v. Owens*, 85 Ga. App. 549, supra, rather than sustaining the statement made in *Stephenson v. Whiten*, 91 Ga. App. 110, supra, and cited with approval in *Staples v. Brown*, 96 Ga. App. 176, supra, sustains instead the ruling made in the instant case.

Further, the case of *Stephenson v. Whiten*, 91 Ga. App. 110, supra, was not decided upon the principle stated and for which the case of *Williams v. Owens*, 85 Ga. App. 549, supra, was cited as authority. The case of *Staples v. Brown*, 96 Ga. App. 176, supra, is distinguishable on its facts from the present case. In that case it appeared not only that the plaintiff knew the defendant was under the influence of intoxicating liquors, but also knew he was "not driving properly." See *Pettigrew v. Branch*, 101 Ga. App. 534, 537 (114 SE2d 391). Riding with a driver of an automobile, knowing that he is drinking and that he is driving in excess of the legal speed limit, does not as a matter of law amount to lack of ordinary care on the part of a guest passenger. *Evans v. Caldwell*, 45 Ga. App. 193, supra; *Evans v. Caldwell*, 52 Ga. App. 475, 476 (184 SE 440). See also *Mann v. Harmon*, 62 Ga. App. 231 (8 SE2d 549).

The facts here are not those upon which a sense of conscience, justice and fairness would ordinarily lead to the awarding of damages, but neither were they in those cases. That problem rests not with this court but with the jury. It is no concern

of the appellate court what verdict was rendered if it is authorized under the law and the evidence. It cannot be said that the verdict here was not authorized under the law as declared in the cases of *Evans v. Caldwell,* 45 Ga. App. 193, supra, *Evans v. Caldwell,* 52 Ga. App. 475, 476, supra, *Mann v. Harmon,* 62 Ga. App. 231, supra, *Britt v. Davis,* 53 Ga. App. 783, supra, and *Powell v. Berry,* 145 Ga. 696, 700, supra, when applied to the evidence adduced upon the trial.

It follows, therefore, that the trial judge, in the case before this court, did not err in overruling the motion for judgment notwithstanding the verdict and the motion for new trial on the general grounds only.

*Judgment affirmed. Bell, P. J., Hall and Russell, JJ., concur. Nichols, P. J., concurs specially. Felton, C. J., Frankum, Jordan and Eberhardt, JJ., dissent.*

NICHOLS, Presiding Judge, concurring specially. I concur in the judgment of affirmance but cannot agree with all that is said in the majority opinion. Under the facts in this case a jury question was presented as to whether or not the plaintiff knew that the defendant was intoxicated from consuming alcoholic beverages to the extent that it was less safe for him to operate the motor vehicle than if he had not consumed such alcoholic beverages. Neither can I agree to the disapproval of the language used by Judge Quillian, now Mr. Justice Quillian in the case of *Stephenson v. Whiten,* 91 Ga. App. 110, supra, and quoted in *Staples v. Brown,* 96 Ga. App. 176, 178, supra.

While prior to 1953 language had been used which would authorize a finding that a person was "under the influence of intoxicating liquors" whether he had consumed "quantitatively wise" one drop or one gallon, the language used by Judge Quillian in the *Stephenson v. Whiten* case, supra, shows that it was there the legislative intent that the language "under the influence of intoxicants" means under the influence of intoxicants to the extent that it is less safe for such person to drive and operate a motor vehicle. Section 47 of the Uniform Act regulating drivers on highways (Ga. L. 1953, Nov. Sess., pp. 556, 575), provides that it is unlawful for any person who is under the influence of intoxicating liquors to drive and operate a motor

vehicle. This same section provides for tests to determine the percentage by weight of alcohol in the defendant's blood with presumptions as to the defendant's intoxication or sobriety based upon such percentages.

Therefore, the conclusion that a person is under the influence regardless of quantity consumed is no longer applicable and a fortiori the language used in the *Stephenson v. Whiten* and *Staples v. Brown* cases, supra, "If one rides with a driver of a motor vehicle knowing that the driver is under the influence of any intoxicating liquors, he is not in the exercise of ordinary care for his own safety," means that he knows that the driver is under the influence to the extent that it is less safe for such person to drive and operate a motor vehicle.

JORDAN, Judge, dissenting. In my opinion the plaintiff's own testimony demanded a finding that he failed to exercise ordinary care for his own safety and that the court should have granted defendant's motion for a judgment notwithstanding the verdict. His testimony, being equivocal, contradictory and evasive, must be construed most strongly against him.

The entire event, culminating in the wreck and injury to the plaintiff while defendant was driving 80 miles per hour, was an adventurous orgy involving whiskey, women and roadhouses. One who embarks upon such a hazardous undertaking with a drinking companion and an automobile is not only failing to exercise *ordinary* care for his own safety but indeed has abandoned *all* care or concern for his safety.

As to the degree of the defendant's intoxication, the plaintiff testified that between noon and about 5:30 on the afternoon prior to the wreck he and the defendant had two or three drinks of liquor at one place, a can of beer at another place and two or three more drinks before eating dinner. The plaintiff testified "I could tell there was a difference in him . . . he appeared to be feeling pretty good. Well, I wouldn't say we were dog drunk." As to the manner of the defendant's driving, the plaintiff testified that he had been driving around 75 or 80 miles per hour during the day and that he was going 80 miles per hour at the time he hit the barricade. The plaintiff testified that at no time did he protest the manner in which the defendant was

driving and that just prior to the accident "he must have been going 80 miles per hour at least. I did not pay any attention to that barricade. I was lighting a cigarette."

This evidence demanded a finding that the defendant was in a discernibly intoxicated condition, that plaintiff *knew* of this condition when he entered the defendant's car, that he knew the defendant was driving in an improper and illegal manner, and that he made no protest whatsoever concerning either the defendant's intoxicated condition or the manner in which he was operating his vehicle.

The evidence in this case relating to the failure of the plaintiff to exercise ordinary care for his own safety is much more favorable to the defendant than the facts presented in *Staples v. Brown,* 96 Ga. App. 176, supra, under which this court held that the defendant was entitled to a verdict non obstante veredicto. The facts in the *Staples* case, as recited by Judge Nichols in the opinion, showed that the plaintiff knew the defendant was drinking and under the influence before he got into the vehicle, knew the defendant was not driving properly before they traveled very far, and that though he intended to ask defendant to let him drive he never had the opportunity before the wreck occurred.

Every element of that case exists here, plus the uncontradicted testimony of the plaintiff that just prior to the wreck with defendant driving 80 miles per hour, he calmly lit a cigarette and made no effort in any manner to protest the manner and speed of defendant's driving.

The cases of *Evans v. Caldwell,* 45 Ga. App. 193, supra, and *Mann v. Harmon,* 62 Ga. App. 231, supra, so strongly relied upon in the majority opinion, are clearly distinguishable on their facts. In the *Evans* case, the plaintiff asked the defendant to slow down and only re-entered the car after defendant's promise to drive more carefully. As to the defendant's intoxication, the plaintiff testified "he seemed to have had something to drink." This is a far cry from the facts in the instant case.

Again, in the *Mann* case, there was testimony that defendant's drinking had not affected his driving, that plaintiff asked defendant to slow down and that "he then drove all right"; that after a stop plaintiff re-entered the vehicle and again protested

when defendant reached an excessive speed just prior to the accident.

In both of the cases referred to above, the evidence of intoxication was much weaker than exists here, and the plaintiff was at least concerned enough with his own safety to protest to the defendant driver prior to the wreck. Such situations make it clearly within the province of the jury to determine whether or not the plaintiff was exercising ordinary care for his own safety.

In clear and palpable situations such as existed in the *Staples* case and such as exist in this case we can only hold that as a matter of law the plaintiff failed to exercise ordinary care for his own safety, thus barring his recovery. The judgment should be reversed.

I am authorized to say that Felton, C. J., Frankum and Eberhardt, JJ., concur in this dissent.