40582. GAINES v. McCARTY et al., by Next Friend.

DECIDED APRIL 6, 1964—REHEARING DENIED APRIL 23, 1964.

*Erwin, Birchmore & Epting, Eugene A. Epting, C. E. Sutton,* for plaintiff in error.

*Rupert A. Brown, George B. Brooks,* contra.

HALL, Judge. ■ Ground 1 complains of an excerpt from the court's charge including instructions to the effect that, if the jury found that one or more of the defendant's alleged acts of negligence had been proven and that this negligence was the proximate cause, or a proximate contributing cause of the collision, then it would be their duty and they were instructed to return a verdict in favor of the plaintiffs.

The defendant contends that this charge excluded from the jury's consideration (a) the issue that the defendant's alleged driving on the left side of the road was done in an emergency, and (b) the issue that the plaintiffs were barred from recovery because the deceased chose to ride with a driver known to him to be so intoxicated as to be incompetent to drive. Elsewhere in

the charge the court instructed fully on these issues made by the defendant.

The consideration of circumstances creating an emergency is a factor relating to the defendant's negligence or lack of it. It does not enter into the question whether the defendant's negligence, if any, was the proximate cause or a contributing cause of the collision.

The plaintiffs are not as a matter of law barred from recovery by the deceased's knowledge that his host driver was incompetent to drive because of intoxication, *Powell v. Berry*, 145 Ga. 696, 700 (89 SE 753, LRA 1917A 306), *Sparks v. Porcher*, 109 Ga. App. 334 (136 SE2d 153), though the court's charge in this case included an instruction to this effect.

The charge of the court as a whole apprised and instructed the jury fairly on all the issues, and on the defense of the deceased's knowledge of the intoxication of the host driver it was more favorable to the defendant than he deserved (see Division 4, infra). The excerpt complained of in this ground, considered in light of the whole charge and evidence, was not reversible error as contended by the defendant. *Stanley v. Squadrito*, 107 Ga. App. 651, 659 (131 SE2d 227); *Butler v. Reville*, 107 Ga. App. 345 (130 SE2d 161). Furthermore the assignment of error is not good because a portion of the excerpt complained of was not erroneous. *Stanley v. Squadrito*, 107 Ga. App. 651, 656, supra.

■ Ground 2 complains of a two-paragraph excerpt from the charge. In charging the jury on some of the acts of negligence the plaintiffs contended were committed by the defendant the court stated the statutory law requiring vehicles meeting from opposite directions to drive on the right side of the road, and, following this, charged in effect that if the defendant violated this law, and this was the proximate cause of the collision, his conduct would be negligence per se. Further on the court charged that if the jury found that the deceased's host driver was on his left side of the road and creating the danger of collision, and the defendant drove on his left side to avoid such collision, the defendant's driving on the left side in these circumstances would not constitute negligence per se, and went on to

state the law applicable to conduct in emergencies. Considering the charge as a whole, the defendant's contention that the excerpt complained of directed the jury to find the defendant was negligent per se regardless of the effect on his conduct of an emergency created by the deceased's host driver is without merit. *Stanley v. Squadrito,* 107 Ga. App. 651, 659, supra; *Butler v. Reville,* 107 Ga. App. 345, supra.

There is another reason why the trial court did not err in overruling this ground. The second paragraph of the excerpt stated a factual contention of the plaintiffs, upon which evidence was presented, and it was for the jury to determine whether or not the facts contended were true. Such a charge is not error. "Where a portion of an excerpt from the charge, complained of in its entirety, is not erroneous the assignment of error is not good." *Bennett v. George,* 105 Ga. App. 527, 531 (125 SE2d 122) ; *Stanley v. Squadrito,* 107 Ga. App. 651, 656, supra; *State Hwy. Dept. v. Cochran,* 108 Ga. App. 61, 62 (131 SE2d 802).

■ Ground 3 complains of the charge that the law requiring drivers of automobiles to dim their lights when meeting approaching vehicles applied to the drivers of both vehicles involved in this case, on the ground that it was not authorized by the pleadings and issues in the case. It is true there was no pleading respecting dimming of lights. The defendant testified that he did not have his bright lights on; he had dimmed them meeting an oncoming car. While the court's charge on this subject was unnecessary, it is not shown to be prejudicial to the defendant and was not error. *Grannemann v. Salley,* 95 Ga. App. 778, 781 (99 SE2d 338).

■ Ground 4 complains of an excerpt of nine paragraphs of the charge (2 to 3 pages of the record) concerning the defendant's contentions that the plaintiffs were not entitled to recover because their father was riding with a person whom he knew to be intoxicated, when he had the opportunity of leaving the car and did not do so, and that the collision resulted from the host driver's negligence. It is doubtful that the evidence supported a charge on the intoxication of the host driver, but we do not need to decide this question. Portions of the excerpt were correct, including instructions to the effect that if it is known or

reasonably apparent to a guest passenger that the host driver is intoxicated to the extent that it is less safe for him to operate the automobile than if he were sober, this is a fact to be taken into consideration with other evidence to determine whether the guest passenger exercised ordinary care in entering or remaining in the automobile. *Powell v. Berry*, 145 Ga. 696, 700, supra; *Sparks v. Porcher*, 109 Ga. App. 334, supra.

The charge as a whole was more favorable to the defendant on this contention than the law, and if this excerpt was imperfect, as contended, it was not harmful to the defendant.

■ Ground 5 objects to the following charge: "I charge you, gentlemen, that if you find from the evidence that Phillip Newton Huff was under the influence of intoxicants but that his condition of intoxication was not known to Henry McCarty, the passenger, then, in that case, the defendant would not be entitled to a verdict *under this defense of intoxication.*" (Emphasis supplied). This charge spoke only of the defense that the deceased was not in the exercise of ordinary care for his own safety because he chose to ride with the driver when he knew that the driver because of intoxication was not able to operate the automobile safely. That the host driver's negligence was the sole proximate cause of the collision was another defense pleaded by the defendant. The criticism that this charge gave the impression that, if the intoxication of the host driver caused him to drive as he did, and his manner of driving was the sole proximate cause of the collision, the plaintiffs could nevertheless recover, is not sound in view of the charge as a whole. *Jenks v. Liepman Contracting Co.*, 99 Ga. App. 823, 825 (109 SE2d 610) ; *Butler v. Reville*, 107 Ga. App. 345, supra.

6. The charge complained of in Ground 6, "If a driver of a car from intoxication is in a condition which renders him incapable of operating it with proper diligence and skill, and this is known or apparent to one entering the car, that is a fact to be taken into consideration along with the other evidence in the case to determine whether such person exercised ordinary care in entering or remaining therein," was not error. The charge is practically identical to the language found in *Powell v. Berry*, 145 Ga. 696, 700, supra: "If a driver, from intoxication, is in a

condition which renders him incapable of operating it with proper diligence and skill, and this is known or palpably apparent to one entering the car, this is a fact which may be proved for the consideration of the jury, along with other facts, to throw light on the question of whether such person exercised ordinary care in entering the car or in remaining in the car, or in reference to his conduct while in it." Any language to the contrary found in *Williams v. Owens*, 85 Ga. App. 549 (69 SE2d 787), *Staples v. Brown*, 96 Ga. App. 176 (99 SE2d 526), *Stephenson v. Whiten*, 91 Ga. App. 110 (85 SE2d 165); and *Brown v. Binns*, 87 Ga. App. 485 (74 SE2d 370), was disapproved in *Sparks v. Porcher*, 109 Ga. App. 334, supra.

The trial court did not err in overruling the defendant's motion for new trial.

*Judgment affirmed. Nichols, P. J., and Russell, J., concur.*