## 41148. THORNTON v. GAILLARD.

HALL, Judge. The plaintiff brought this action for the death of her daughter, alleging as the cause of death gross negligence of the driver of an automobile in which her daughter was a passenger. The defendant assigns error on the judgment of the trial court overruling her motion for new trial. *Held:*

■ "When there is no assignment of error complaining that a request to charge was not given in the exact language of the request, and the request is substantially covered . . . by the court, no reversible error is shown. *State Farm Mut. Auto Ins. Co. v. Rogers,* 105 Ga. App. 778, 784 (125 SE2d 893)." *Boykin v. Parker,* 108 Ga. App. 718 (3) (134 SE2d 531). The trial court did not err in overruling special grounds 1, 2 and 3 of the motion for new trial.

■ Grounds 4 and 5 complain of the admission of testimony of two State Patrolmen that before the fatal accident the automobile in which the plaintiff's daughter was a passenger was, in their opinion, traveling 100 miles an hour. The defendant's objection to the evidence was that the witnesses' testimony showed that they were not eyewitnesses to the collision and did not show that they had learning and experience to qualify them as experts, nor sufficient facts upon which they based their opinions, and that one of the witnesses on cross examination stated in effect that his opinion was based on his experience and that he did not consider himself an expert on anything. The witnesses testified that they had been State Patrolmen for 5 years and 9 years, respectively, and had had

experience in investigating collisions of this kind. They testified that from conditions and evidence found in their investigation at the scene of the collision they had determined with reasonable certainty that the car left the road and traveled out of control 222 feet and hit a culvert, left the ground and traveled 60 feet in the air, hit the ground and traveled 90 feet turning end over end two or three times, and struck a telephone pole and was demolished, having traveled a total distance of 372 feet after leaving the road, and that their opinion of the speed of the car was based on this evidence.

The question whether a witness is qualified to give his opinion as an expert upon the subject under investigation is one for the court, and not for the witness. The mere fact that the witness in his testimony may disclaim to be an expert is no reason for refusing to allow him to testify as one. *Glover v. State,* 129 Ga. 717, 724 (59 SE 816). The discretion of the trial court in determining the question of the witness' qualification to give an opinion will not be disturbed unless it is manifestly abused. *Carroll v. Hayes,* 98 Ga. App. 450, 452 (105 SE2d 755).

The trial court did not err in overruling grounds 5 and 6 complaining of the admission of the State Patrolmen's opinions of the speed of the automobile. *Etheridge v. Hooper,* 104 Ga. App. 227 (121 SE2d 323); *Central Container Corp. v. Westbrook,* 105 Ga. App. 855, 860 (126 SE2d 264).

■ The trial court did not err in overruling ground 6 contending that the court deprived the defendant of the right of cross examination in sustaining an objection to the following question asked of one of the State Patrolmen: "Is it reasonable to assume that the car driverless would go further under that situation you described, than a car with a driver therein guiding it and applying brakes?" In light of all of the evidence it does not appear that the defendant was harmed by the court's ruling or that the trial court abused its discretion in controlling the right of cross examination. *Western & A. R. v. Burnett,* 79 Ga. App. 530, 532 (54 SE2d 357).

■ We certainly cannot say, as contended by the defendant, that the evidence shows as a matter of law that the plaintiff voluntarily assumed a risk of danger that was known or should have been obvious to her. *Atlantic Ice &c. Co. v. Folds,* 47 Ga. App. 832 (171 SE 581); *Wilson v. Pollard,* 62 Ga. App. 781, 786 (10 SE2d 407); *Harrold Bros., Inc. v. Peterman,* 104

Ga. App. 831, 832 (123 SE2d 30); accord *Powell v. Berry*, 145 Ga. 696, 700 (89 SE 753, LRA 1917A 306); *Sparks v. Porcher*, 109 Ga. App. 334, 340 (136 SE2d 153); *Gaines v. McCarty*, 109 Ga. App. 593, 597 (137 SE2d 70).

Since the evidence was sufficient to support the verdict for the plaintiff the trial court did not err in overruling the general grounds of the motion for new trial.

*Judgment affirmed. Bell, P. J., and Frankum, J., concur.*

DECIDED MARCH 12, 1965—REHEARING DENIED
MARCH 18, 1965.

*William L. Preston, Terrell W. Benton, Jr.*, for plaintiff in error.
*James W. Paris, Paul T. Collier, J. N. Rainey,* contra.