### 43511. FEW v. WEEKES, Administrator.

PANNELL, Judge. 1. There is no liability on the part of an operator of a motor vehicle who, while driving, is suddenly and unexpectedly stricken by some illness, such as a fainting spell, or a heart attack, which renders him unconscious or incapable of controlling the vehicle, the lack of control of which is the proximate cause of injury to another, and where the driver had no cause to anticipate such illness, fainting spell or heart attack at the time and place under investigation. Such lack of control of the vehicle under these circumstances does not constitute negligence. *Freeman v. Martin*, 116 Ga. App. 237 (1) (156 SE2d 511).

2. "If a driver, from intoxication, is in a condition which renders him incapable of operating it [an automobile] with proper diligence and skill, and this is known or palpably apparent to one entering the car, this is a fact, which may be proved for the consideration of the jury, along with other facts, to throw light on the question of whether such person exercised ordinary care in entering the car or in remaining in the car, or in reference to his conduct while in it." *Powell v. Berry*, 145 Ga. 696, 700 (89 SE 753, LRA 1917A 306). Anything to the contrary in Division 2 of the opinion and the headnote in *Freeman v. Martin*, supra, must yield to the superior authority of the Supreme Court of this State.

3. It being a jury question as to whether the cause of the automobile leaving the road was a heart attack had by the defendant driver (from which he died) or the intoxication of the driver, and whether or not the plaintiff assumed the risk or was guilty of contributory negligence in riding with a driver who he knew had consumed two drinks of alcohol, the liability of the defendant was a question for the jury, and the judgment granting the defendant's motion for summary judgment is reversed.

*Judgment reversed. Bell, P. J., Hall, Deen, Quillian, and Whitman, JJ., concur. Jordan, P. J., concurs in the judgment. Felton, C. J., and Eberhardt, J., concur in Division 1 of the opinion, and dissent from Divisions 2 and 3.*

ARGUED MARCH 6, 1968—DECIDED JUNE 27, 1968—
REHEARING DENIED JULY 23, 1968—

*Poole, Pearce & Cooper, George W. Bryan, Jr., Robert R. Smith,* for appellant.

*Long, Weinberg & Ansley, Ben L. Weinberg, Jr., John K. Dunlap,* for appellee.

EBERHARDT, Judge, concurring in part and dissenting in part. I concur with what is said in Division 1 of the opinion.

I dissent from Division 2, upon the basis and for the reason stated in the second division of *Freeman v. Martin,* 116 Ga. App. 237 (156 SE2d 511).

As to Division 3, a reading of the evidence in this case demonstrates it to be somewhat out of the category of what appeared in *Sparks v. Porcher,* 109 Ga. App. 334 (136 SE2d 153), wherein Chief Judge Felton, Judges Frankum, Jordan and I dissented, or in *Freeman v. Martin,* supra, or the several cases cited therein. Plaintiff testified that Mr. Darby, the deceased driver of the truck, had taken two drinks of vodka during the day, one at Augusta about 12:30 p.m., and another at Warrenton about 3 p.m., each being in a small paper cup "about the size of a quarter." These did not seem to have been sufficient to affect him or his driving, and plaintiff saw nothing wrong with his driving. He "did not get over the speed limit." The accident occurred about 4:30 p.m., and at the time the deceased "was driving all right." They were engaged in a normal conversation and proceeding along the road in a normal manner, in the proper lane of traffic, neither meeting nor passing anyone when the deceased suddenly slumped over the steering wheel, and the truck went into the ditch and struck a culvert. Although he had no prior history of heart trouble it was medically determined that Darby died suddenly of a coronary occlusion.

Although the accident occurred some three-tenths of a mile west of the city limits of Madison, and there was some evidence that several businesses of one kind or another were located in that area, it does not appear that the speed of the truck or the deceased's manner of driving could be accounted as the proximate cause of the plaintiff's injury. As we have already pointed out, there was no other traffic in the area at the time. The deceased was driving at the same general rate of speed that had been observed in coming from Augusta. There was

no reason to anticipate or foresee that he would experience a heart attack as a result of which the truck would go into the ditch. "The wrong-doer may be charged with those consequences and those only within the range of prudent foresight." *Seymour v. City of Elberton,* 67 Ga. App. 426, 432 (20 SE2d 767), citing Bird v. St. Paul Fire Ins. Co., 224 N. Y. 47 (120 NE 86, 13 ALR 875). "Even if an injury has resulted in consequence of a certain wrongful act or omission, but only through or by means of some intervening cause, from which last cause the injury followed as a direct and immediate consequence, the law will refer the damage to the last or proximate cause, and refuse to trace it to that which was more remote." *Peggy Ann of Ga. v. Scoggins,* 86 Ga. App. 109, 116 (71 SE2d 89), citing Fowlkes v. Southern R. Co., 96 Va. 742, 745 (32 SE 464).

The evidence here leads inevitably to the conclusion that the sudden heart attack of the deceased was an intervening cause, but for which plaintiff would not have suffered his injury, even though the deceased may have been driving the truck at a speed of from 60 to 65 miles per hour in a "business area" outside of town where there were in the general area some seven driveways leading off the road.

In his testimony plaintiff recognized what the real cause of the accident had been when he was asked: "Would you say that the cause of the accident was the heart attack of Mr. Darby, if he had a heart attack? A. Yes, sir." I agree with him. A verdict for the plaintiff could not be justified.

I am authorized to say that Chief Judge Felton concurs in this view of the matter.