## 50995. TAYLOR v. GEORGIA POWER COMPANY.

EVANS, Judge.

Merritt S. Taylor, an electrical lineman, was an employee of a subcontractor of Georgia Power Company. While working on high voltage electrical lines of Georgia Power Company, he came in contact with one of the lines or conductors of electrical energy, and suffered burns and other serious and permanent injuries.

Taylor sued Georgia Power Company for his personal injuries and damages, including the loss of his right leg.

He contended an oil circuit breaker was defective and not properly adjusted; that except for being defective and improperly adjusted, the said oil circuit breaker would have instantaneously stopped and broken the flow of electricity in the event the lineman made contact with the hot line and was touching some other object which would act as a "ground." Plaintiff further contended that when the subcontractor (his employer) and Taylor began work at or near the hot lines, certain required adjustments were to be made to the circuit breaker by the

Georgia Power Company; and that Georgia Power Company, defendant, acting through its employees and agents, negligently failed to make the proper adjustments; and negligently failed to test the circuit breaker to determine if it would properly perform in the event of a necessity therefor; that Georgia Power Company failed to test and determine whether the oil circuit breaker would instantly cut off the current if one made contact with the electric lines and then came in contact with another object so as to create a ground; and further that Georgia Power Company was negligent in failing to warn the subcontractor and plaintiff that the oil circuit breaker was defective and that it was not properly adjusted; and Georgia Power Company was further negligent in not warning subcontractor or plaintiff that it had failed to make any test whatsoever to determine whether the oil circuit breaker would properly perform by instantly stopping the flow of current if the necessity arose therefor; and was negligent in creating a dangerous place for the subcontractor and plaintiff to work, and in not warning the subcontractor or plaintiff of said danger.

The case proceeded to trial before a jury resulting in a verdict and judgment for the defendant. A motion for new trial on the general grounds was filed and denied. Plaintiff appeals. *Held:*

1. Where a jury returns a verdict and it has the approval of the trial judge, the same must be affirmed on appeal if there is any evidence to support it as the jurors are the sole and exclusive judges of the weight and credit given the evidence. See *Pettigrew v. Branch,* 101 Ga. App. 534, 535 (114 SE2d 391); *Seabolt v. Cheesborough,* 127 Ga. App. 254, 260 (6) (193 SE2d 238); *Kirkland v. Moore,* 128 Ga. App. 34, 35 (195 SE2d 667).

2. The evidence shows that plaintiff places great stress on the fact that plaintiff relied heavily upon the defendant to set the amperage on the circuit breaker low enough so that it would cut off the power instantaneously if human contact occurred, otherwise, plaintiff would not have worked on this hot line. He also contends that testimony of the defendant's experts was so vague and indefinite that the evidence demands a finding that

defendant failed to take the safety precautions required and did not warn plaintiff of the latent defects in the equipment or the dangers incident to plaintiff's employment.

The jury heard the evidence which was conflicting as to whether or not the plaintiff assumed the burden of the risk, the injuries were caused by plaintiff's own neglect, and whether his injuries would have resulted even if the circuit breaker was working properly or improperly. Thus, even if defendant's expert witnesses were vague and indefinite and uncertain and inconsistent, the jury was not required to believe the party at interest, as there were other facts and circumstances sufficient to support the verdict rendered. See *Brown v. Wingard,* 122 Ga. App. 544 (1, 2) (177 SE2d 797); *Smith v. Poteet,* 127 Ga. App. 735, 738, 739 (2) (195 SE2d 213).

3. Had the jury returned a verdict for the plaintiff instead of the defendant, the evidence would have been sufficient to support the verdict. But, as the evidence did not demand a finding for the plaintiff, under the circumstances, the lower court did not err in denying the motion for new trial.

*Judgment affirmed. Deen, P. J., and Stolz, J., concur.*

ARGUED SEPTEMBER 9, 1975 — DECIDED OCTOBER 20, 1975 — REHEARING DENIED NOVEMBER 4, 1975 —

*Hatcher, Meyerson, Oxford & Irvin, Stanley P. Meyerson, Jack A. Wotton, Alfred D. Fears,* for appellant.

*Neely, Freeman & Hawkins, J. Bruce Welch, Richard P. Schultz,* for appellee.