**Matthew EASON, Plaintiff-Appellee,**

v.

**George L. WEAVER, Defendant,**

v.

**RESERVE INSURANCE COMPANY,
Garnishee-Appellant.**

No. 75–2056.

United States Court of Appeals,
Fifth Circuit.

Aug. 22, 1977.

---

Edward J. Henning, Atlanta, Ga., Ward D. Hull, Decatur, Ga., for garnishee-appellant.

O. Torbitt Ivey, Augusta, Ga., for plaintiff-appellee.

J. Walker Harper, Augusta, Ga., for Weaver.

Before TUTTLE, GOLDBERG and RONEY, Circuit Judges.

RONEY, Circuit Judge:

In this diversity garnishment case, Matthew Eason, a passenger injured in an automobile accident, who obtained a judgment against the driver, seeks recovery from the driver's liability insurer. The insurance company, relying on policy exclusions, denies coverage on two grounds: (1) the driver was under the influence of intoxicants at the time of the accident, and (2) the passenger was carried for consideration. The district court entered summary judgment for Eason on both issues, holding *first*, a finding of no intoxication in the prior lawsuit against the driver precluded the insurer

from now trying to show that the driver was in fact under the influence of intoxicants; and *second*, the splitting of expenses between passenger and driver was not sufficient to render applicable the carriage-for-consideration exclusion in the policy. Because the trial court improperly barred the insurance company from trying to prove the driver was intoxicated, we reverse.

Eason and George L. Weaver were both in the military at the time of the accident. Weaver rented a car. Eason contributed five dollars to the cost of the rental. The two then spent the evening together, during which both men consumed alcoholic beverages. On the way back to the military post, the car failed to make a curve and ran off the road severely injuring Eason. Eason then filed a diversity action seeking damages for the driver's negligence. In a nonjury trial, the court held Weaver negligent and determined that Eason's contribution to expenses transformed him from a guest-passenger to an invitee who was owed a duty of ordinary care. A judgment for Eason was affirmed by this Court. 484 F.2d 459 (5th Cir. 1973).

When Eason sought to recover from Weaver's excess insurer, the company asserted it was not liable on the policy because the driver had been under the influence of intoxicants at the time of the accident. The district court rejected this contention and held the insurer "bound by the finding of fact in the suit for damages brought against Weaver and cannot relitigate the issue of intoxication."

■ In arriving at this conclusion, the district court was trying to apply the settled law in Georgia that when an insurance company has a right to defend an action against its insured, but elects not to do so, it is bound in subsequent litigation by all issues litigated in that first suit. *Public National Insurance Co. v. Wheat*, 100 Ga.App. 695, 700, 112 S.E.2d 194, 200 (1959). Although as an excess carrier the company had no duty to defend, it is undisputed that it did know of the suit against its insured and did have the right to participate in the

defense, making the above rule applicable to it.

The district court decision overlooked, however, the precise issues which were actually litigated in the original negligence suit. Neither party tried to prove the driver was intoxicated. Plaintiff Eason did not make any allegation of intoxication. His counsel questioned Weaver about the number of beers he had drunk, but a reading of the transcript clearly shows he did not try to prove Weaver was intoxicated.

Defendant Weaver had alleged in his answer the usual assumption of risk defense that is generally asserted where there may be evidence of drinking:

[P]laintiff and the defendant had been joyriding together all evening; both had consumed intoxicating beverages and the plaintiff knew that the defendant had consumed intoxicating beverages to such an extent that it was less safe for the defendant to drive and operate a motor vehicle; but notwithstanding this knowledge on the part of the plaintiff, he rode as a guest in the defendant's automobile thus assuming the risk of injury and the plaintiff is guilty of lack of ordinary care so as to preclude a recovery on his part.

The defense attorney, however, made no attempt to prove defendant was intoxicated. When the plaintiff chose not to attempt to prove intoxication in order to establish defendant's negligence, the assumption of risk defense dropped out of the case. Thus, as the original case was pled, and tried, there was no litigated issue concerning the defendant's intoxication.

■ The Georgia estoppel rule extends "only . . . to such matters within the scope of previous pleadings as necessarily had to be adjudicated in order for the previous judgment to be rendered." *Sumner v. Sumner*, 186 Ga. 390, 197 S.E. 833, 834 (1938). It is true that in dealing with the assumption of risk defense, the district court concluded that "[p]ositive testimony by both parties that defendant's ability to drive was not in fact impaired or apparently impaired is undisputed . . . ." But the plaintiff did not have to prove the de-

fendant was intoxicated to win his lawsuit, nor did he try to. The case was tried on a theory of negligence unconnected with impaired driving ability. In this sense, there is no question of relitigation here of an issue the plaintiff has previously litigated, the evil which the estoppel rule seeks to eliminate. Indeed, to prove the defendant intoxicated would not necessarily have served the plaintiff's purposes at the first trial. It might tend to prove the assumption of risk defense, or negate insurance coverage because of the policy exclusion, or both.

■ Although the defense could have tried to prove the defendant was intoxicated in order to assert the assumption of risk defense, that approach would seem highly questionable and unusual. It would tend to prove a case of negligence against defendant, and it certainly would not aid defendant to have his attorney prove a fact which would exclude insurance coverage.

Furthermore, the issue on an assumption of risk defense in Georgia is different than the policy exclusion-for-intoxication issue. In a line of cases concerning intoxicated drivers and injured passengers, the Georgia courts have laid down the rule that one assumes the risk if he *knows* or *reasonably* ought to know that the driver is so far under the influence of intoxicants as to be unable to drive safely. *Powell v. Berry*, 145 Ga. 696, 700, 89 S.E. 753, 755 (1916); *Hixson v. Barrow*, 135 Ga.App. 519, 218 S.E.2d 253 (1975); *Trussell v. Lawrence*, 120 Ga.App. 39, 169 S.E.2d 611 (1969); *Stukes v. Trowell*, 119 Ga.App. 651, 168 S.E.2d 616 (1969); *Davis v. Ferrell*, 118 Ga.App. 690, 165 S.E.2d 313 (1968); *Few v. Weekes*, 118 Ga.App. 190, 162 S.E.2d 884 (1968); *Freeman v. Martin*, 116 Ga.App. 237, 156 S.E.2d 511 (1967). Under this rule "mere knowledge on the part of a passenger that the driver is under the influence of intoxicating beverages is not, as a matter of law, knowledge that such person is so much under the influence of intoxicants as not to be able to drive safely . . . so as to make the passenger guilty of such . . . assumption of risk, as will bar a recovery against

the driver . . . .." *Sparks v. Porcher*, 109 Ga.App. 334, 136 S.E.2d 153, 157 (1964). Thus possible intoxication that might impair driving ability but not be obvious or known to the plaintiff would not present a valid defense.

In resolving the assumption of risk defense in the original lawsuit the district court reasoned that by finding the driver was not in fact intoxicated, it became clear that the passenger could not have assumed the risk because there was no risk to assume. But this approach decided a fact that was not necessary to a judgment for Eason. The only finding which was necessary to the resolution of this defense was what Eason knew, or should reasonably have known, about Weaver's condition.

■ The issue on the policy exclusion is a different one. In Georgia, the phrase "under the influence of intoxicants" in an insurance contract, is the functional equivalent of "intoxicated" in the ordinary meaning of that word. *See Progressive Life Insurance Co. v. Smith*, 71 Ga.App. 157, 30 S.E.2d 411, 417 (1944). It is apparent that a driver can be intoxicated, so as to forfeit his liability insurance coverage, while his passenger may be unaware of that condition, so as to not assume any risk in connection with the journey. For instance, in its pleadings in this lawsuit the insurer claims that Weaver had consumed substantial amounts of intoxicants outside of the presence of Eason. Since no fact essential to the judgment in the first lawsuit is inconsistent with a finding of intoxication-in-fact in the present litigation, there remains a genuine issue of material fact which must be resolved.

■ On this appeal the insurer also asserts that the policy carriage-for-consideration exclusion prevents coverage. Pointing to the five dollars contributed by Eason, it claims an expense-splitting passenger who is transformed from a guest to an invitee under local law must be considered a passenger for consideration, in that this transformation increases its potential liability. Eason argues this issue has been waived

**1206**

since the insurer did not list it in its proposed pretrial order.

 Although Rule 13 of the Federal Rules of Civil Procedure provides that a pretrial order "controls the subsequent course of the action," it only does so "when entered." Although the proposed pretrial order appears in the record, the final version of the order entered by the district court does not. Thus we are unable to ascertain if this issue was waived by the insurer. We need not determine, however, whether the issue has been preserved. The exhaustive discussion of the district court on this issue in its July 19, 1974 memorandum opinion, *Eason v. Weaver*, 402 F.Supp. 508 (S.D.Ga.), thoroughly and accurately demonstrates that although an expense-splitting passenger can become an invitee in Georgia, he does not necessarily become a passenger carried for consideration so as to preclude insurance coverage under the applicable Georgia law. Since the Georgia Supreme Court has not spoken decisively on this precise question, we give substantial weight to the district court's assessment of the local law. *See Southern Ry. v. State Farm Mutual Auto. Insurance Co.*, 477 F.2d 49 (5th Cir. 1973); *Bomann Golf, Inc. v. Cosmos Industries, Inc.*, 459 F.2d 1090 (5th Cir. 1972). We find no error in the district court's determination that "[h]ere, the plaintiff and defendant were mutual friends, one of whom made an incidental contribution to the expenses of an undefined journey for the mutual pleasure of both. That contribution was casual in nature and bore some relationship to the expense of the travel. It could not and did not constitute 'consideration' so as to convert the plaintiff into a 'passenger for consideration' as contemplated by the subject limitation clauses." We affirm the decision on this point on the basis of the district court's opinion.

 Eason also argues that since the insurer had notice of the original litigation but failed to obtain a nonwaiver agreement or reservation of rights, it waived all claims of noncoverage and is estopped from asserting them in the present suit as a matter of law. The lack of a nonwaiver agreement or a reservation of rights has nothing to do with this case. The rule that an insurer loses the right to raise a policy defense which it does not reserve only applies when the insurer defends the initial lawsuit for its insured or takes some other step that might waive a policy defense, if not reserved. If an insurer with an option to defend chooses to remain aloof from that litigation, it is estopped only as to factual matters essential to the judgment rendered in the first suit, and does not waive any legal defenses it may have as to its liability on the policy.

On remand, the insurer is entitled to a jury trial on its contention that the driver of the car was sufficiently intoxicated to have been considered "under the influence of intoxicants" within the Georgia meaning of that term so as to exclude policy coverage.

AFFIRMED IN PART, REVERSED AND REMANDED.